J. RUBLE GRIFFIN, Commissioner for the Court:[1]
The appellant was convicted in the Circuit Court of Leflore County for manufacture of marijuana under an indictment, the stating part of which reads as follows: “wilfully and feloniously manufacture a controlled substance by propagating or growing 23 plants of cannabis, commonly called marijuana.”
The court gave, at the State’s request, the following instruction:
The Court instructs the jury that if you believe from the evidence beyond a reasonable doubt that Thomas C. Boring, Jr. did on or about the 17th day of June, 1977 in Leflore County, Mississippi, unlawfully, willfully, and feloniously manufacture a controlled substance by growing same or by growing 23 plants of cannabis, which is commonly called marijuana, then it is your sworn duty to find the defendant, Thomas C.. Boring, Jr., guilty as charged.
The appellant requested instructions that would havé required proof that the manufacture ivas effected, either directly or indirectly/in one of three ways: by extraction, by chemical synthesis, or by a combination of -these two methods, contending that by virtue of Mississippi Code Annotated, Sec *962 tion 41-29-105(q) (Supp.1977), one of the above must be proved as an element of the offense charged. The code section reads as follows:
(q) “Manufacture” means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container. The term “manufacture” does not include the preparation or compounding of a controlled substance by an individual for his own use or the preparation, compounding, packaging or labeling of a controlled substance: * * *
It is contended by the appellant that the comma following the word “indirectly” should have been omitted and the word “or” inserted. Admittedly the parenthetically setting out of “either directly or indirectly” confuses the reader and does make it appear that the manufacture must be either by extraction, chemical synthesis or a combination thereof. However, Section 41-29-105, supra, is the definitive section of that chapter of the Mississippi Code on controlled substances, and sub-section (z) defining production reads as follows: “ ‘Production’ includes the manufacture, planting, cultivation, growing or harvesting of a controlled substance.” In order to give proper meaning as obviously intended by the Legislature, sub-sections (q) and (z) must be read and construed together. Aikerson v. State, 274 So.2d 124 (Miss.1973). Manufacturing embraces production and production embraces manufacturing and planting, cultivation, growing or harvesting. Construing the two sub-sections together, it becomes apparent that the Legislature prohibited the growing of marijuana; therefore, the State’s instruction was proper and the requested instructions by the appellant were properly refused inasmuch as the State had made no effort to show that the defendant manufactured marijuana by extraction, chemical synthesis or a combination thereof. The State was not required to do this. The simple growing of the plant is prohibited.
The Court has examined Chapter 415, Mississippi General Laws of 1974, from which Section 41-29-105 is taken, and the original thereof does not have a comma after the word “indirectly” as placed by the codifier. This Court should examine the history of a statute in order to find its meaning. Aikerson v. State, supra.
The appellant contends that his instructions are patterned after Instruction 104.20 (1977), Mississippi Model Jury Instructions, which reads as follows:
104.20 MANUFACTURE
PATTERN INSTRUCTION
Manufacture means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container. The term “manufacture” does not include the preparation or compounding of controlled substance by an individual for his own use or the preparation, compounding, packaging or labeling of a controlled substance:
(1) By a practitioner as an incident to his administering or dispensing of a controlled substance in the course of his professional practice, or
(2) By a practitioner, or by his authorized agent under his supervision, for the purpose of, or as an incident to, research, teaching or chemical analysis and not for sale.
We address ourselves to this question solely for the benefit of the bench and bar and point out that the above instruction would have no place in a trial wherein the indictment charges one with growing mari *963 juana. The above instruction is simply an abstraction tracking the statute and should not be given where not supported by the evidence.
.Both the appellant and the State filed lengthy, scholarly briefs and six other errors were assigned. The Court has carefully reviewed the record, thoroughly read both briefs and appellant’s reply, and can find no merit in the other errors assigned.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.