STATE of North Dakota, Plaintiff and Appellee,

v.

Jeff Allen PADGETT, Defendant and Appellant.

Cr. No. 1155.

Supreme Court of North Dakota.

Sept. 30, 1986.

---

Owen K. Mehrer, State's Atty., Dickinson, for plaintiff and appellee.

William Heth, Dickinson, for defendant and appellant.

LEVINE, Justice.

Jeff Allen Padgett appeals from a jury verdict finding him guilty of manufacturing a controlled substance in violation of North Dakota Century Code § 19–03.1–23(1). We affirm.

In order to obtain a search warrant for Padgett's apartment, Cynthia J. Graff, agent of the North Dakota Drug Enforce-

ment Unit, appeared before the Stark County Judge. Graff testified that about forty minutes before the hearing she was at Padgett's apartment and smelled the aroma of marijuana which her training and experience enabled her to identify. She also stated that on prior occasions she made purchases of marijuana from persons who represented Padgett to be the source of the drugs. Graff was the only witness at the hearing, and based upon her testimony the county judge determined there was probable cause to issue a search warrant.

The search yielded marijuana plants and other drug paraphernalia. Before trial, Padgett moved to suppress this evidence on the ground that "the search warrant authorizing the search was based on insufficient evidence to show probable cause." The State stipulated to a hearing on the motion to suppress prior to the submission of briefs.

At the evidentiary hearing Padgett challenged the veracity of agent Graff's prior testimony before the magistrate. Graff was not subpoenaed and was not available to testify. Darrel Haag, a police officer who participated in the execution of the warrant, testified that he smelled marijuana upon entering defendant's apartment. Padgett testified that he smoked cigarettes and frequently burned incense and that there were no controlled substances burned in his apartment before or after Graff's initial visit. Padgett and Haag were the only witnesses called.

The trial court determined that Padgett did not meet his burden of proof and denied the motion to suppress.

The first issue we consider is whether the trial court erred in finding that Padgett failed to prove by a preponderance of the evidence that the search warrant was issued as a result of a false statement or a statement made in reckless disregard for the truth.

Padgett argues that his testimony at the evidentiary hearing was sufficient to require the suppression of evidence under the guidelines set forth in *Franks v. Delaware*,

438 U.S. 154, 155–156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).

" ... [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally,. or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

Before an evidentiary hearing is required under *Franks*, there must be allegations of deliberate falsehood or of reckless disregard for the truth accompanied by an offer of proof. The allegations should specify which statements are claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or other reliable non-conclusory statements of witnesses should be furnished, or their absence satisfactorily explained.

Padgett's motion to suppress was not accompanied by affidavits challenging the veracity of Graff's testimony. Nor did it afford notice to the State that Graff's veracity was to be challenged. The trial court properly found that Padgett failed to make the substantial preliminary showing of falsehood to require a hearing on that issue. However, because the State concurred with Padgett's request for a hearing, the trial court reached the issue of veracity in its ruling on the motion to suppress. We will therefore consider the merits of defendant's veracity claim on this appeal. *See e.g., State v. Ennis*, 334 N.W.2d 827, 830 n. 3 (N.D.1983), *cert. denied*, 464 U.S. 992, 104 S.Ct. 484, 78

L.Ed.2d 681 (1983); *State v. Groff,* 323 N.W.2d 204 (Iowa 1982).

█ In *State v. Ennis, supra,* we did not articulate our standard for reviewing a trial court's conclusion as to whether a defendant has established the requisite lack of veracity. Although Rule 52(a) is a rule of civil procedure, the clearly erroneous test which it sets forth, or a facsimile thereof, is applied in both civil and criminal proceedings. *See e.g., State v. Olmstead,* 246 N.W.2d 888, 890 (N.D.1976), *cert. denied,* 436 U.S. 918, 98 S.Ct. 2264, 56 L.Ed.2d 759 (1978). In our view, whether the defendant has demonstrated recklessness or deliberate falsity is a finding of fact reviewed under the clearly erroneous standard. *See United States v. Ritter,* 752 F.2d 435 (9 Cir.1985). *See also United States v. Williams,* 737 F.2d 594, 602 (7 Cir.1984); *United States v. Wuagneux,* 683 F.2d 1343, 1355 (11 Cir.1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); *United States v. Cruz,* 594 F.2d 268, 272 (1 Cir.1979), *cert. denied,* 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979).

█ The burden is on the defendant to establish perjury or reckless disregard by a preponderance of the evidence. *Franks v. Delaware,* 438 U.S. at 156, 98 S.Ct. at 2676. The defendant must prove that (i) the challenged statements are in fact false; and (ii) that their inclusion in the affidavit (or in oral testimony) amounted to perjury or reckless disregard for the truth. W. La-Fave, Search and Seizure, § 4.4(d) (1978).

█ Padgett argues that because Graff was unavailable at the evidentiary hearing, the trial court was compelled to accept Padgett's testimony and could not rely on Graff's earlier testimony because it was not subject to cross-examination. Padgett claims his right of confrontation was violated by the State's failure to secure Graff's presence at the veracity hearing. However, the trial court did not consider Graff's credibility or her prior testimony as substantive evidence precisely because Padgett did not have the opportunity to cross-examine her. Instead, the trial court analyzed and compared Padgett's testimony with Graff's to determine if Padgett had met his burden of proof. Furthermore, if a witness is necessary to the defense, the defense should produce, or attempt to produce, the witness himself and not rely upon the State. *See State v. Hoffman,* 291 N.W.2d 430 (N.D.1980).

█ The trial court determined that Padgett may have raised the question that Graff was mistaken, but he did not prove recklessness or deliberate falsity. Allegations of negligence or innocent mistake are insufficient to meet even the threshold requirement for a *Franks* hearing. *Franks v. Delaware,* 438 U.S. at 171, 98 S.Ct. at 2684. Neither negligence nor innocent mistake is sufficient to establish recklessness or deliberate falsity. Therefore, we conclude that the trial court's finding that Padgett failed to meet his burden of proof is not clearly erroneous.

The second issue raised is whether the trial court erred in instructing the jury with a paraphrased definition of "manufacture" rather than the statutory definition in its entirety. The statutory definition states in relevant part:

"13. 'Manufacture' means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use or the preparation, compounding, packaging, or labeling of a controlled substance...." NDCC § 19–03.1–01(13).

The trial court instructed the jury:

"The definition of 'manufacture' includes the production and propagation of a controlled substance.

"The definition of 'production' includes the manufacture, planting, cultivation,

growing, or harvesting of a controlled substance."

 Padgett argues that growing marijuana does not come under the definition of "manufacturing" a controlled substance because the statutory definition requires proof that the manufacturing was effected either by extraction or by chemical synthesis. This argument was rejected by courts interpreting identical statutory definitions in *State v. Poulson*, 234 N.W.2d 214 (Neb. 1975) and *Boring v. State*, 365 So.2d 960 (Miss.1978), *cert. denied.*, 442 U.S. 916, 99 S.Ct. 2835, 61 L.Ed.2d 283 (1979).

Padgett's interpretation that the definition of "manufacture" requires proof that the controlled substance was produced either by extraction or chemical synthesis is unreasonable when the definition is read in light of the entire statute. The definitions of "manufacture" and "production" should be read and construed together. Manufacturing embraces production, and production embraces manufacturing and planting, cultivation, growing or harvesting. Reading these two definitions together, it becomes apparent that the legislature intended to prohibit the growing of marijuana. *See Boring v. State*, 365 So.2d at 962.

Thus, when charged with manufacturing a controlled substance, it is not necessary for the State to prove extraction as an element of the offense. We conclude that the jury instruction which simplified the definition of "manufacture" stated the correct law to be applied in this case.

Padgett's final contention is that the trial court erred in submitting to the jury a photocopy of a dictionary page which defined the word "propagation." Counsel were given the opportunity to examine the page and they stipulated that it could be sent to the jury without further instructions.

 Under Rule 30(c), North Dakota Rules of Criminal Procedure, when counsel is afforded the opportunity to examine instructions before they are given to the jury, objections or exceptions must be taken and counsel given a reasonable time to do so. Objections not raised at that time are waived. *State v. Gates*, 325 N.W.2d 166, 167 (N.D.1982). *See also State v. Hartsoch*, 329 N.W.2d 367, 371 (N.D.1983); *State v. McLain*, 301 N.W.2d 616, 624 (N.D.1981). Padgett's counsel did not object to giving the jury the photocopy. Therefore, counsel waived the right to raise this issue on appeal.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.