STATE of North Dakota, Plaintiff and Appellee,

v.

Edward A. MORRISON, Defendant and Appellant.

Cr. No. 880310.

Supreme Court of North Dakota.

Oct. 24, 1989.

Rolf P. Sletten, Bismarck, for defendant and appellant.

Lewis C. Jorgenson, States Atty., Devils Lake, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal by Edward A. Morrison from a district court judgment finding him guilty of the crime of robbery, a class A felony, in violation of Section 12.1–22–01 of the North Dakota Century Code. We reverse and remand.

In the early morning hours of August 20, 1987, a robbery was reported at the Artclare Motel in Devils Lake, North Dakota. The police, upon arriving at the scene, interviewed the night clerk who was on duty at the time of the robbery. The night clerk described the robber as a white male, of small-medium build, with blond hair and approximately 5 feet, 4 inches tall. The night clerk further stated that the robber wore a white mask partially covering his face and used a knife.

Upon further investigation at the scene, the police found what was identified by the night clerk as the mask worn by the robber. The mask contained several strands of blond hair. The officers also found shoe prints in the mud which they believed were made by tennis shoes with a wavy pattern on the sole. One of the officers at the scene indicated that earlier in the evening he had seen an individual named Morrison wearing tennis shoes with a wavy pattern similar to that found at the robbery scene.

The night clerk was subsequently shown a photographic line-up. The four photos that were shown to the night clerk had a portion of the faces covered as if a mask was worn. The night clerk determined that the picture of Morrison was the photograph which most closely described the person who had robbed him.

The officers obtained a search warrant based upon an affidavit by Officer Barnett for the house located at 108 14th Avenue in Devils Lake, the residence of Morrison's mother where he was currently residing. The officers conducted a search of the residence, seized certain items of personal

property and arrested Morrison for the robbery.

A preliminary hearing was held on November 3, 1987, and Morrison was bound over to district court. Counsel for Morrison filed motions to suppress the evidence obtained pursuant to the search warrant and to suppress the identification of Morrison. Morrison's motions to suppress were denied and a jury trial was held on August 22–23, 1988. The jury returned a verdict finding Morrison guilty of the offense of robbery. Judgment was entered by the district court on September 14, 1988, and Morrison was sentenced to serve a term of eight years in the State Penitentiary. This appeal followed.

Morrison raises three issues on appeal. Initially, Morrison contends that the trial court erred in failing to suppress the evidence obtained through the search warrant. Next, Morrison contends that the trial court erred in failing to suppress the out-of-court identification and trial court identification. Finally, Morrison contends that the trial court erred in finding that the mandatory minimum sentencing provisions under Section 12.1–32–02.1 of the North Dakota Century Code apply in this case.

Because it is dispositive of this appeal, our review focuses on whether or not the trial court erred in denying the motion to suppress the evidence obtained through the search warrant.

Morrison argues that the search warrant was issued as a result of false statements made in reckless disregard of the truth. Accordingly, Morrison claims that without the false material in the affidavit there was insufficient evidence to show probable cause to issue the search warrant and therefore the evidence obtained pursuant to the search warrant must be excluded.

■ In *State v. Padgett*, 393 N.W.2d 754, 756 (N.D.1986), this Court cited with approval the following guidelines set forth in *Franks v. Delaware*, 438 U.S. 154, 155–156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978), regarding suppression of evidence obtained pursuant to a search warrant issued as a result of a false statement:

" '... [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.' "

In applying the test enunciated in *Franks v. Delaware, supra,* a false affidavit statement is one which misleads the neutral and detached magistrate into believing that the stated facts exist, which facts in turn affect the magistrate's evaluation of whether or not there is probable cause. *State v. Ennis,* 334 N.W.2d 827, 831 (N.D.), *cert. denied,* 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 681 (1983).

In the instant case, a single affidavit by Officer Barnett was presented in the application for a search warrant. The affidavit of Officer Barnett provided as follows:

"John Barnett, being first duly sworn, deposes and says:

"That he is a member of the Devils Lake Police Department and at approximately 5:25 A.M., August 20, 1987 the police received a report of a robbery of the night clerk of the Artclare Motel. The night clerk reported that the robber wore a white mask partially covering his face, was approximately 5'4" tall, slight build, blond hair and used a knife, and after tying up the clerk took approximately $400 in cash. That upon investigation of the scene police officers found a white mask with numerous blondish hairs in the knot and several shoe prints which were similar to shoe prints seen at another breakin on this date. That fur-

ther earlier in the evening another officer had seen Eddy Morrison with similar type shoes.

"That the night clerk was shown photos of several individuals with partially covered faces and identified one Eddy Morrison in one of the pictures as closely describing the person that had robbed him.

"That affiant has personal knowledge of the said Eddy Morrison and knows that he is currently on probation for burglary and the instant case closely follows the said Morrison's M.O. That the said Eddy Morrison is currently residing with his mother at 108 14th Avenue, Devils Lake, North Dakota.

"That affiant has probable cause to believe that the said Eddy Morrison was involved in the aforesaid incident and prays the Court for a search warrant of the said residence at 108 14th Avenue, Devils Lake for mask material, knife, money, shoes, clothes and other fruits of the crime and an exemplar of the said Eddy Morrison's hair, and the warrant include any outbuildings and vehicles used by the said Eddy Morrison."

We note that the trial court properly held a hearing on the motions to suppress.[1] The trial court, in denying the motion to suppress all the evidence obtained pursuant to the search warrant, stated as follows:

"Since ... you raised the issue of whether there was a falsehood in the statements that were sent forth and placed in the affidavit which obtained the Search Warrant and this Court believes you may have raised that burden and that's why the inquiry was made of the officer that there was some sense of your allegation of false statements within that affidavit. However, based upon all the evidence as well as the evidence from the witness here in this court, this Court believes that you have not met the burden of showing that they were made falsely or with some intent to deceive or to misguide the magistrate or the county judge

in issuing the Search Warrant. And this Court indicates that pursuant to *State v. Padgett*, 393 NW2d 754 that it is not enough to just show that there may be some innocent mistakes or negligent allegations, but must show that it was done with the intent of deceiving and obtaining a Search Warrant from that magistrate knowing that it was false.

"There has been no showing. You have failed to meet your burden. This court finds that under the totality of the circumstances that even if [Morrison's] identification ... would have been suppressed, which it was not, that within the four corners of that affidavit that there is a basis for that issuing of the Search Warrant by the magistrate."

Thus, the trial court determined that Morrison failed to demonstrate recklessness or deliberate falsity by the affiant in the search warrant affidavit.

■■■ This Court has stated that the defendant has the burden to establish by a preponderance of the evidence deliberate falsity or reckless disregard. *State v. Padgett, supra; Franks v. Delaware, supra.* The defendant must prove that the challenged statements are in fact false, and that their inclusion in the affidavit amounted to perjury or reckless disregard for the truth. *State v. Padgett, supra; see also* W. LaFave, Search and Seizure, § 4.4(d) (1978). Whether or not the defendant has demonstrated recklessness or deliberate falsity is a finding of fact reviewed under the clearly erroneous standard. *State v. Padgett, supra; see also United States v. Williams,* 737 F.2d 594, 602 (7th Cir.1984), *cert. denied,* 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985).

■■ A finding of fact is clearly erroneous when, although there may be some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *State v. Saavedra,* 406 N.W.2d 667 (N.D.1987).

---

**1.** We note that a hearing is required under the guidelines of *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), if the defendant makes a substantial preliminary showing of recklessness or deliberate falsity in a statement included by the affiant in the warrant affidavit where the alleged false statement is necessary to find probable cause.

■ Upon review of the record in the instant case, we are left with a definite and firm conviction that a mistake was made and therefore we believe that the trial court was clearly erroneous in finding that Morrison did not establish by a preponderance of the evidence that certain statements in the warrant affidavit were in fact false and were made recklessly by Officer Barnett, the affiant of the warrant affidavit.

The affidavit in support of the application for the search warrant contained statements relating to (1) a description of the robber; (2) the shoe prints; (3) the photographic line-up; (4) the M.O.; and (5) the residence to be searched.

Morrison's motion to suppress was accompanied by an affidavit which was unrebutted by the State showing that statements in the search warrant affidavit regarding the shoe prints, photographic line-up and modus operandi of Morrison were not true.

Officer Barnett's affidavit stated that certain shoe prints were found at the scene of the crime and that earlier in the evening another unnamed officer had seen Morrison with similar type shoes. At the suppression hearing, Barnett testified that the shoe prints were from shoes with a wavy sole pattern. The unnamed officer, Sheriff Jeff Halvorson, stated to defense counsel that he could not recall if Morrison was wearing tennis shoes or hiking boots when he had seen him earlier that evening. At the suppression hearing, Morrison testified that he was wearing hiking boots on the evening of the Artclare burglary and that his hiking boots had soles with deep cleats for gripping. Finally, Barnett testified that he could not recall if Halvorson had informed him of the pattern on the bottom of the shoes or boots Morrison was wearing. It seems clear that Barnett had no basis for his affidavit statement concerning the shoe prints.

With regard to the photographic line-up, Barnett's affidavit stated that the night clerk at the Artclare Motel identified Morrison as closely describing the person that had robbed him. However, the night clerk never directly and positively identified Morrison as the robber.

Finally, and most blatantly untrue, Officer Barnett's affidavit stated that Morrison's modus operandi or M.O. closely followed the robbery at the Artclare Motel. However, police files indicated that Morrison had never been charged with any crime involving a weapon of any sort and had never committed a robbery.

It appears that Officer Barnett's affidavit statements concerning the shoe prints and Morrison's M.O. were made with reckless disregard for the truth. Further, his affidavit statement regarding the photographic line-up is, quite simply, stretching the bounds of truthfulness. The only relevant truthful statements contained in the affidavit concerned a description of the robber and the street address of Morrison's residence which Officer Barnett desired to search.

■ After eliminating the false information from the warrant affidavit, we believe that the remaining truthful statements are insufficient to establish probable cause.[2] Because the search warrant was not issued upon probable cause, the evidence seized during the search should have been suppressed pursuant to Morrison's motion.

After reviewing the entire record, we believe that the error was of considerable consequence to the relative strength of the case against Morrison and therefore was prejudicial to him. Accordingly, we conclude that the error affected substantial rights of Morrison and was not harmless error under Rule 52(a) of the North Dakota

**2.** Probable cause for issuance of a search warrant requires more than a mere suspicion of criminal activity. *See State v. Metzner,* 338 N.W.2d 799 (N.D.1983). Probable cause to issue a search warrant exists when the facts and circumstances presented to the neutral and detached magistrate are sufficient in themselves to justify the belief of a reasonably cautious person that an offense has been or is being committed on the premises to be searched or that evidence of a crime was being concealed there. *State v. Metzner, supra.*

Rules of Criminal Procedure.[3]

For the reasons stated in this opinion, the judgment of conviction is reversed and the case is remanded for a new trial.

ERICKSTAD, C.J., and VANDE WALLE and LEVINE, JJ., concur.

MESCHKE, J., concurs in the result.

3. We note that the State argued that the error, if error at all, was harmless and may be disregarded under Rule 52(a), N.D.R.Crim.P., which provides as follows:

"RULE 52. HARMLESS ERROR AND OBVIOUS ERROR

"(a) Harmless error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."