**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Patrick R. ENNEN, Defendant and Appellant.**

**Cr. No. 920213.**

Supreme Court of North Dakota.

Feb. 23, 1993.

Thomas K. Schoppert, Minot, for defendant and appellant.

Peter H. Furuseth, Williams County State's Atty., Williston, for plaintiff and appellee.

SANDSTROM, Justice.

Patrick R. Ennen entered a "conditional plea of guilty"[1] to the charge of Manufacturing of a Controlled Substance,[2] a class B felony. With the consent of the state's attorney and the approval of the judge, Ennen reserved his right on appeal of the judgment "to review [of] the adverse determination of the Motion to Suppress" evidence seized during a search of his residence.

1. Defendant entered his plea under Rule 11(a)(2), N.D.R.Crim.P., which provides:
   "*Conditional Pleas.* With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal must be allowed to withdraw the plea."

2. The Information alleges that Ennen committed the offense in violation of §§ 19–03.1–23 and 19–03.1–05, N.D.C.C., specifically: "The said Defendant, Patrick R. Ennen, did willfully manufacture a controlled substance, namely marijuana."
   N.D.C.C. § 19–03.1–23 provides in part:
   "1. Except as authorized by this chapter, it is unlawful for any person to willfully, as defined in section 12.1–02–02, manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.... Any person who violates this subsection with respect to:
   "a. A controlled substance classified in schedule I or II which is a narcotic drug, is guilty of a class A felony.
   "b. Any other controlled substance classified in schedule I, II, or III, is guilty of a class B felony, except that any person who delivers one hundred pounds [45.36 kilograms] or more of marijuana is guilty of a class A felony."
   ....
   Marijuana is classified as a schedule I controlled substance by N.D.C.C. § 19–03.1–05(5)(q).

Ennen exercised his reserved right to appeal seeking review of the district court's ruling. We reverse. The search warrant was issued without probable cause. Ennen may withdraw his plea as provided by Rule 11(a)(2), N.D.R.Crim.P.

In order to obtain a search warrant for evidence of an operation to grow marijuana, Special Agent Dallas Carlson of the North Dakota Bureau of Criminal Investigation executed an affidavit on October 15, 1991. Carlson sought to search Ennen's house, a single-wide mobile home with two sheds attached, located at 418 Winter Street, Ray, North Dakota. Carlson enumerated the evidence sought as including "any drug paraphernalia, records of sales of illegal drugs possibly made, and large combinations of cash."

The affidavit stated:

In *State v. Ennis,* 334 N.W.2d 827 (N.D. 1983), *cert. denied,* 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 681 (1983), this Court upheld the classification of marijuana as a schedule I drug. "We conclude that it cannot reasonably be said that classifying marijuana as a Schedule I drug bears no rational relationship to the legitimate State interest of controlling drug abuse." 334 N.W.2d at 836.
N.D.C.C. § 19–03.1–01 provides in part:
"As used in this chapter:

.    .    .    .    .

"16. 'Manufacture' means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container. The term does not include the preparation or compounding of a controlled substance by an individual for his own use....

.    .    .    .    .

"24. 'Production' includes the manufacturing, planting, cultivating, growing, or harvesting of a controlled substance."
....
Although there is a degree of circularity in these definitions, this Court has held:
"The definitions of 'manufacture' and 'production' should be read and construed together. Manufacturing embraces production, and production embraces manufacturing and planting, cultivation, growing or harvesting."
*State v. Padgett,* 393 N.W.2d 754, 758 (N.D. 1986).

"1. The Ray City Auditor reported to the Williams County Sheriff's Office that the Patrick Ennen home was using an abnormally large amount of water in the months of July, August, and September, 1991. The water consumption for these months was to 3 to 4 times as high as normal usage. I determined that the Mr. Ennen did not have an underground sprinkler system in use. Marijuana has a three month growing cycle.

"2. Records from Montana–Dakota Utilities indicate that the Ennen home usage for these months is slightly higher than normal. Based upon my investigation of the Ray, North Dakota area, I have determined that Mr. Patrick Ennen is a known drug user. I viewed his home and noticed that all of the windows were covered up. In my experience as a law enforcement officer, this usually indicates that drug usage is occurring in the home.

"3. I believe that the high consumption of water suggests, based upon my experience, that a marijuana growing operation is being conducted in this home."

At the probable cause hearing before Williams County Judge Gordon Thompson, Carlson testified:

"On Friday of this month I was contacted by Deputy Sheriff Dennis Hendricks of the Williams County Sheriff's Department, who had received some information from the Ray City Auditor. The information was basically that he felt that one of the residents in town was using an excessive amount of water, and he was concerned that something might—a grow operation, possibly, could be going on. The auditor didn't know how it works, so that's why he contacted law enforcement.

"Dennis Hendricks came into my office, gave me the information. Nothing was done on Friday. Yesterday, which was Monday the 14th, I went out to Ray. I examined some water records of Patrick Ennen's house and also of neighbors on either side of his house. Mr. Ennen's usage is anywhere from double, to at one time, ten times as high as his neighbors.

"Mr. Ennen has no sprinkler system for his yard. I checked to see what a sprinkler system would use. They would use in the area of 16,000 gallons a month. Mr. Ennen's—in the three months that I'm concerned about, go from 25,000 to 41,000. The reason I say three months is because the growing cycle for the marijuana on a grow operation is usually three months.

"I checked some power records, which power should be elevated also. The records were slightly elevated. This could be due to the fact that he possibly has a billing the same every month, and some of them are slightly higher, which would also indicate that he's using more electricity at certain times of the year."

At this point, the court asked its only question: "Would that be for usage of grow lights or something of that nature?" Carlson continued:

"Right. He would have to have some type of grow lights with this.

"I drove by his house, stopped near his house. I observed the house. The windows are not boarded up or taped up or anything like that. The shades are drawn and appear to be tight against the window, which in my experience I've noticed in the past when I've gone to grow operations, that the shades are down and they appear to be tight—there's usually something on the inside of them, such as tinfoil or white paper so it would reflect the light."

The judge then found probable cause and issued the search warrant.

That afternoon Carlson and local law enforcement officials executed the search warrant. They found a small amount of marijuana, marijuana seeds in a wet cloth, drug paraphernalia, and printed material on growing marijuana.

The next morning, October 16, at the hearing to determine probable cause to issue a warrant for Ennen's arrest, Carlson testified that, in Ennen's house, they found a "grow room," two-feet by three-feet, in a bedroom closet.

Ennen was arrested and charged with manufacturing a controlled substance in

violation of N.D.C.C. §§ 19–03.1–23 and 19–03.1–05.[3]

On April 2, 1992, Ennen moved to suppress the items found in his home on the grounds that insufficient evidence was presented to the magistrate to support a determination of probable cause. Ennen argued that Carlson's reference to him as a known drug user was a conclusory statement insufficient to support probable cause. He also argued that Carlson intentionally misled the magistrate by failing to disclose the existence of a large garden in Ennen's backyard.[4] On June 17, the district court denied Ennen's motion to suppress. Ennen then offered, and the district court accepted, the conditional plea of guilty to the offense of manufacturing of a controlled substance.

On appeal, Ennen contends there was insufficient evidence to support a finding of probable cause, and there was deceptive omission of a material fact in applying for the search warrant. Therefore, Ennen contends the search of his home violated the Fourth and Fourteenth Amendments of the United States Constitution, and Article I, § 8 of the North Dakota Constitution.

The State argues the court, in finding probable cause, "considered the laminated total of what Agent Carlson saw, heard, and knew, along with the other evidence of increased water and other usage, and covering up of the windows."

We have held that "[p]robable cause to search does not require the same standard of proof necessary to establish guilt at trial; rather, probable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *State v. Ringquist,* 433 N.W.2d 207, 212 (N.D.1988).

We apply the totality-of-the-circumstances test in reviewing probable cause. *Id.* at 213. Under this standard, "[t]he task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 211, *quoting Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983). A reviewing court's duty is "to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Ringquist, supra,* at 211.

What follows is the "totality of the circumstances" or the "laminated total" offered in this case:

(1) Ennen is a known drug user;

(2) Ennen's water usage for July, August, and September was unusually high, and Ennen had no underground sprinkler system;

(3) Marijuana has a three-month growing cycle;

(4) Montana–Dakota Utilities records indicate that the Ennen house usage was slightly higher than normal;

(5) Ennen's shades were drawn when Carlson drove by;

(6) Carlson's experience as a law enforcement officer usually indicates to him that, if a person's shades are closed, illegal drug usage is occurring in the house; and

(7) High water usage suggests, based on Carlson's experience, that a marijuana

---

**3.** The Information references "Section 19–03.1–23 and 19–03.1–05(*o*) NDCC." The reference to 19–03.1–05(*o*) is in error; there is no such subsection. The correct reference is 19–03.1–05(5)(q). Prior to amendment by 1991 N.D. Sess. Laws, Ch. 223, § 2, the marijuana provision was located at § 19–03.1–05*(5)(o)*. The Rules provide, however, that: "Error in the citation or its omission is not ground for the dismissal of the indictment or information or for

reversal of a conviction if the error or omission did not prejudicially mislead the defendant." Rule 7(c), N.D.R.Crim.P. There is no claim that the defendant was misled.

**4.** The record does not contain the exact size of the garden. The defendant testified at the suppression hearing that it was "pretty good-sized," "almost the length of the house" by "maybe over 20 feet."

growing operation is being conducted in the house.

We have warned that "[s]ufficient information, rather than a 'bare bones' affidavit, must still be presented to the magistrate to allow that official to determine probable cause. That determination cannot be a mere ratification of the bare conclusions of others." *Ringquist, supra,* at 213. "We have often emphasized that an affidavit expressed in conclusions without detailing underlying information is insufficient for probable cause." *State v. Mische,* 448 N.W.2d 415, 417–18 (N.D.1989).

In this case, Carlson's affidavit and testimony did not provide the magistrate a substantial basis for concluding that probable cause existed.

Item (1), Carlson's statement, "I have determined that Mr. Patrick Ennen is a known drug user," is a "bare conclusion" as to Ennen's reputation. Mere statements of reputation or unsupported conclusions and allegations are insufficient to establish probable cause. *State v. Handtmann,* 437 N.W.2d 830, 835 (N.D.1989). Reputation must be demonstrated by specific underlying circumstances to support a finding of probable cause. *Id.; State v. Erickson,* 496 N.W.2d 555, 558 (N.D.1993). Since Carlson's statement of reputation is devoid of evidentiary support, it cannot support a finding of probable cause.

Item (2), the increased water usage for July, August, and September is of little significance. Carlson did not disclose the period he compared that usage with to conclude Ennen was using "an abnormally large amount of water." Higher water usage in the summer is consistent with the experience of most homeowners.

Item (3), the three-month growing cycle of marijuana does not differ from the growing cycle of many vegetables.

Item (4), the slight increase in electrical consumption is not unusual for the summer months. Once again, Carlson does not say what period was used for comparison.

Item (5), that Ennen's shades were down on the *one* occasion Carlson drove by raises no significant inference.

In items (6) and (7), Carlson asserts that closed shades "usually" indicates illegal drug use, and high water usage (in the summer months) suggests illegal growing of marijuana. These assertions are unlikely at best.

The "laminated total" of reliable information is that Ennen had higher than normal water and energy consumption during the summer months, and on one occasion had his shades closed.

The evidence submitted in support of the search warrant does not establish a substantial basis to believe that evidence connected with criminal activity would be found at the defendant's house. A finding of probable cause is not supported.

Ennen contends that the failure of Carlson to disclose the garden made his affidavit false. *See Handtmann, supra; State v. Morrison,* 447 N.W.2d 272, 274 (N.D. 1989). We do not reach that conclusion. There is no probable cause with or without mention of the garden.

The defendant's conviction is reversed and the case is remanded to the district court for proceedings consistent with this opinion.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur