STATE of North Dakota, Plaintiff
and Appellee,

v.

Robert J. JOHNSON, Defendant
and Appellant.

Crim. No. 940293.

Supreme Court of North Dakota.

May 6, 1995.

Thomas M. Tuntland, Mandan, for defendant and appellant.

Walter Mathias Lipp, State's Atty., McClusky, for plaintiff and appellee; submitted on briefs.

LEVINE, Justice.

Robert J. Johnson appeals from a judgment of conviction for possession of a controlled substance in violation of NDCC § 19–03.1–23(6). Relying upon the Fourth Amendment to the United States Constitution, Johnson contends the county court should have suppressed evidence of marijuana seeds seized from his home because: (1) the search warrant was based on stale probable cause; (2) the investigating officer withheld relevant and exculpatory evidence from the magistrate; and (3) the officers committed a *Miranda* violation. We affirm.

Sometime prior to January 1994, the South Sakakawea Drug Task Force received information that Johnson was "involved in drug activity." Based on that information, Deputy Sheriff Ghents, an agent for the Task Force, asked the Sheridan County Sheriff's office to seize Johnson's garbage. On January 27, 1994, at 7:00 a.m., Deputy Sheriff Whitmire picked up a white garbage bag, closed with a "twist tie," located in front of Johnson's home about two feet from the street. Whitmire placed the bag in her garage without opening it or examining the contents. The next morning, Ghents went to Whitmire's garage and searched the bag. In it, he found twenty-five marijuana seeds and two bank deposit slips which contained Johnson's name.

On February 2, 1994, Ghents obtained a search warrant for Johnson's house. The Sheridan County sheriff contacted Johnson at 4:30 p.m. that day and Johnson came to the sheriff's office where, Whitmire says, she read Johnson the *Miranda*[1] warnings. Then, four law enforcement officers, including Ghents, accompanied Johnson to his home to conduct the search. Upon arriving at Johnson's home, Ghents asked Johnson if he had any drugs or drug paraphernalia, because the officers were going to find them anyway. Johnson told Ghents to look in the kitchen garbage container and also in the freezer. Marijuana seeds were found in the garbage container. Drug paraphernalia was found in the freezer as well as in a kitchen cupboard.

The seeds were sent to the North Dakota State Laboratory for analysis. The analysis revealed that the seeds found in the white garbage bag outside of Johnson's house were incapable of germination;[2] however, some of the seeds found in Johnson's kitchen garbage container were capable of germination.

Johnson moved to suppress the evidence seized from his home. The court denied his motion and Johnson entered a conditional plea of guilty, NDRCrimP 11(a)(2), to the charge of possession of less than one-half ounce of marijuana. Judgment was entered and Johnson appealed.

## PROBABLE CAUSE

Johnson's first two arguments challenge the probable cause to support the search warrant. When a trial court reviews the validity of a search warrant, it must determine whether the information before the magistrate established probable cause as a matter of law. *State v. Rydberg*, 519 N.W.2d 306 (N.D.1994). "Probable cause to search does not require the same standard of proof necessary to establish guilt at trial; rather, probable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *State v. Ringquist*, 433 N.W.2d 207, 212 (N.D.1988). The task of the issuing magistrate is simply

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Germination is defined as "sprouting" or the beginning of growth development. Webster's Third New International Dictionary (1971) 951–52. The definition of marijuana in the Uniform Controlled Substances Act, excludes "the sterilized seed of the [cannabis] plant which is incapable of germination." NDCC § 19–03.1–01(17). Therefore, possession of marijuana seeds incapable of germination is not against the law.

to make a practical commonsense decision. *State v. Lewis,* 527 N.W.2d 658 (N.D.1995). On appeal, we review the sufficiency of the evidence before the magistrate, as a matter of law, using a totality of the circumstances test. *State v. Frohlich,* 506 N.W.2d 729 (N.D.1993). There is probable cause to search if the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched. *State v. Mische,* 448 N.W.2d 415, 420 (N.D.1989); *Ringquist,* 433 N.W.2d at 212. *See State v. Mertens,* 268 N.W.2d 446, 450 (N.D.1978). We give deference to the magistrate's factual findings on probable cause and will affirm, so long as there is a substantial basis for the magistrate's conclusion that probable cause exists. *Rydberg,* 519 N.W.2d at 308.

■ Johnson argues that the search warrant is invalid because it is based on stale probable cause. He points to the lapse of time between January 27, 1994, when Whitmire seized Johnson's garbage bag from outside his home, and February 2, 1994, when Ghents applied to the magistrate for a search warrant. He also argues that there was no evidence of how long the garbage bag had been outside of Johnson's residence before it was seized. These deficiencies, Johnson contends, make it unreasonable for the magistrate to conclude that there was still a probability of locating drugs inside Johnson's home.

■ Probable cause is not determined by merely counting the number of days between the time of the facts relied upon and the warrant's issuance. *Ringquist,* 433 N.W.2d at 213; 1 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 3.3(g) at 212 (1984). Whether there is probable cause to search depends on the facts and circumstances of each case. *Ringquist,* 433 N.W.2d at 213. Where the affidavit recites facts indicating a course of conduct or activity of a protracted and continuous nature, the passage of time may be unimportant to the validity of the probable cause. *Id.* The proper inquiry is whether the magistrate, taking into consideration the nature of the crime, the nature of the criminal, the nature

of the thing to be seized, and the nature of the place to be searched could reasonably believe that evidence of a criminal violation was probably at the specified location. *Id.*

Johnson was suspected of possessing a controlled substance, marijuana. The evidence offered to the magistrate was bank slips and marijuana seeds found in Johnson's garbage sack outside of his home. Drug use can be a habituating and continuing offense. *See State v. Mische,* 448 N.W.2d at 419. We think it reasonable for the magistrate to have concluded, from the presence of marijuana seeds in Johnson's garbage bag, that more marijuana was probably located inside his house.

Nor does the officers' inability to say exactly when the garbage bag was placed outside Johnson's home make the probable cause stale. We believe it was reasonable for the magistrate to conclude that the garbage bag had been placed outside of Johnson's home recently enough, given the ordinary practice of weekly garbage pick-up. *See Rydberg,* 519 N.W.2d at 310; *State v. Erickson,* 496 N.W.2d 555 (N.D.1993). Such reasoning is just the sort of commonsensical approach which a probable cause determination requires. *Lewis,* 527 N.W.2d at 661.

■ Johnson next argues that Officer Ghents withheld from the magistrate the information that ungerminated marijuana seeds taken from the garbage were the type of seed commonly found in birdseed and that Ghents could not tell, by looking at the seeds, whether or not they were capable of germination. He contends that, had the magistrate known this, she would have found the evidence insufficient to establish probable cause to search. We disagree.

■ Probable cause does not require proof beyond a reasonable doubt. *State v. Frohlich,* 506 N.W.2d 729 (N.D.1993). A party challenging the validity of a search warrant because information intentionally or recklessly was omitted from the affidavit in support of the warrant, must demonstrate that the information would have been material to the magistrate's finding. *Rydberg,* 519 N.W.2d at 309; *Erickson,* 496 N.W.2d at 559.

■ We believe the presence of the marijuana seeds in the garbage bag, which also contained bank deposit slips bearing Johnson's name, would warrant a person of reasonable caution to believe there was probably more marijuana inside Johnson's home. *See Rydberg,* 519 N.W.2d at 309. The fact that the seeds were not capable of germination, or might have been derived from a package of birdseed, could be significant at trial, but is not crucial to a finding of probable cause. *See id.* The marijuana seeds in Johnson's garbage bag supplied a sufficient nexus between Johnson's home and the probability of additional marijuana being found there. *See Erickson,* 496 N.W.2d at 559 [marijuana in bags with envelopes and traffic citation, bearing defendant's name, found in dumpster behind duplex, supplied nexus for search of the defendant's residence in duplex]. *Cf. Lewis,* 527 N.W.2d 658 [purchase of indoor plant-growing equipment insufficient to supply nexus between the Lewis home and the probability of locating marijuana within]. In keeping with our deference to a magistrate's determination of probable cause and the preference accorded warrants, *State v. Mondo,* 325 N.W.2d 201 (N.D.1982), we conclude the allegedly withheld information was not material to the magistrate's determination and there was a substantial basis for her finding of probable cause.

## MIRANDA

■ Johnson also contends the trial court erred in refusing to suppress the evidence of the marijuana seeds and drug paraphernalia found in his kitchen garbage and freezer because they were found as a result of illegal police conduct. He contends he was not apprised of his *Miranda* rights prior to the search.

■ In suppression matters, we defer to the trial court's superior opportunity to assess the credibility of witnesses and will reverse only if, after resolving any conflicts in the testimony in favor of affirmance, there is insufficient competent evidence fairly capable of supporting the trial court's determination and the decision is not contrary to the manifest weight of the evidence. *State v. Zimmerman,* 529 N.W.2d 171 (N.D.1995).

■ The adequacy of *Miranda* warnings involves a question of fact for the trial court to resolve, based on the circumstances of each case. *State v. Blanford,* 306 N.W.2d 93, 96 (Iowa 1981). *See State v. Young,* 89 Wash.2d 613, 574 P.2d 1171 (Wash.1978); LaFave & Israel, *supra* at § 6.8(c). "The ultimate question is: Did [Johnson] receive a clear and understandable warning of his rights." *Blanford,* 306 N.W.2d at 96.

There was testimony at the suppression hearing that Deputy Whitmire read Johnson his *Miranda* warnings and, when asked if he understood those rights, Johnson replied that he did. Johnson testified he did not remember receiving the *Miranda* warnings. The trial court found that Johnson "was advised of his *Miranda* rights by Deputy Whitmire" and his allegations to the contrary were "without merit." From this record, we conclude that the trial court's determination that Johnson was informed of his *Miranda* rights is not against the manifest weight of the evidence. *See State v. Ronngren,* 361 N.W.2d 224 (N.D.1985).

■ Johnson argues that if he did receive adequate *Miranda* warnings, the State has not shown he voluntarily and knowingly waived his right to remain silent. The State responds that waiver is irrelevant because even without waiver, the marijuana seeds and drug paraphernalia would have been "inevitably discovered" by the officers pursuant to the valid search warrant.

The inevitable-discovery doctrine, an exception to the exclusionary rule, was first adopted by the United States Supreme Court in *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). In *Nix,* the United States Supreme Court held that evidence obtained as a result of unlawful police conduct may be admissible at trial if the prosecution proves by a preponderance of the evidence that the challenged evidence would have been inevitably or ultimately discovered by lawful means in the course of the investigation. *Id.* at 444, 104 S.Ct. at 2509. *See* LaFave & Israel, *supra* at § 9.3 (1991 Supp.).

Before the *Nix* case was decided, we adopted, as part of our test for determining if

the State may rely on the inevitable-discovery exception to the exclusionary rule, the additional requirement that the police had not acted in bad faith to accelerate the discovery of the challenged evidence. *State v. Phelps*, 297 N.W.2d 769, 775 (N.D.1980). Requiring that the police have not acted in bad faith prevents a mechanical application of the inevitable-discovery doctrine and deters unconstitutional shortcuts by law enforcement officers in gathering evidence. *State v. Wahl*, 450 N.W.2d 710, 714 (N.D. 1990); 4 Wayne R. LaFave Search & Seizure § 11.4(a) at 382 (1987).

Although we have adopted a two-part inevitable-discovery test for use under the North Dakota Constitution, we are instructed that for purposes of the federal constitution, we may not engraft our good-faith requirement onto federal Fourth Amendment law. *California v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1987); *Doe v. Burnham*, 6 F.3d 476, 480 (7th Cir.1993). *But see Arizona v. Evans*, —— U.S. ——, 115 S.Ct. 1185, 1197, 131 L.Ed.2d 34 (1995) (Ginsberg, J., dissenting). Therefore, because only the federal constitution has been argued here, the State need only prove that the marijuana seeds and drug paraphernalia would have been inevitably or ultimately discovered even without Johnson's allegedly unlawfully obtained admission. *Nix*, 467 U.S. 431, 104 S.Ct. 2501.

The record provides sufficient evidence of inevitable discovery. Before securing Johnson's direction to look in the garbage and the freezer, the officers had obtained a valid search warrant for the house and had begun to execute that warrant. The marijuana seeds were located within the area described in the warrant. Officers had previously successfully searched Johnson's garbage in order to secure the warrant. These circumstances convince us the seeds and drug paraphernalia would have been found by the officers, had the search not been cut short by Johnson's assistance. *See Nix*, 467 U.S. 431, 104 S.Ct. 2501; *State v. Nagel*, 308 N.W.2d 539, 547 (N.D.1981).

We conclude the trial court did not err in refusing to suppress the marijuana seeds and drug paraphernalia found in Johnson's home.

Affirmed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.