2001 ND 66

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Daniel Edward DUCHENE, Defendant and Appellant.**

No. 20000209.

Supreme Court of North Dakota.

April 11, 2001.

Kent M. Morrow, Bismarck, for defendant and appellant.

Merle Ann Torkelson, State's Attorney, Washburn, for plaintiff and appellee.

MARING, Justice.

[¶ 1] Daniel Duchene appeals from criminal judgments entered upon a jury verdict finding him guilty of manufacture of a controlled substance and possession of drug paraphernalia. Because there was probable cause to support the search warrant issued by the magistrate, we affirm the judgments of the trial court.

I

[¶ 2] In April 1998, Game Warden Timothy Larson received information from an anonymous informant that Daniel Duchene was growing marijuana in his home located in Turtle Lake, North Dakota. According to the informant, Duchene was growing the marijuana in a closet in his home. The informant, who contacted Warden Larson by telephone, did not explain to him how she acquired the information or how she came to know Duchene. Upon receiving the information from the anonymous informant, the warden contacted Deputy Lange of the McLean County Sheriff's Department. Thereafter Deputy Lang contacted Deputy Siurek of the South Sakakawea Narcotics Task Force ("SSNTF").

[¶ 3] Together the two deputies conducted an independent investigation. On June 9, 1998, the deputies collected Duchene's garbage, which revealed two potting soil bags, one marijuana seed, eight marijuana stems, and a utility bill addressed to Duchene at his Turtle Lake address.

[¶ 4] On June 10, 1998, Deputy Siurek of the SSNTF applied to a magistrate for a warrant to search the Duchene home. In his affidavit supporting the application, Deputy Siurek stated Deputy Brian Lang of the McLean County Sheriff's Department had provided information that Du-

chene was growing marijuana in his home. Deputy Siurek further stated Duchene had prior criminal convictions involving drugs. Finally, the deputy stated he and another deputy had collected Duchene's trash on June 9, 1998. Deputy Siurek listed the items found in Duchene's garbage. The deputy did not inform the magistrate of the anonymous informant.

[¶ 5] Based on the information provided, the magistrate granted law enforcement officers a search warrant to search Duchene's home for evidence related to the use, possession or manufacture of marijuana. Officers searched Duchene's home on June 11, 1998, and seized evidence, including five marijuana plants, drug paraphernalia, numerous marijuana seeds, and marijuana.

[¶ 6] On May 19, 1999, Duchene brought a motion to suppress the evidence seized from his home, arguing there was insufficient probable cause to issue the search warrant. An evidentiary hearing was held, and the trial court issued an order, dated June 2, 1999, denying Duchene's motion to suppress. The matter proceeded to trial, and on April 25, 2000, a jury convicted Duchene of manufacture of a controlled substance and possession of drug paraphernalia. Duchene appeals from the criminal judgments.

## II

[¶ 7] Duchene contends there was insufficient evidence to support a finding of probable cause because Deputy Siurek failed to reveal that much of the information found in his affidavit was derived from an anonymous informant and was not corroborated. Duchene contends Deputy Siurek misled the magistrate by this omission.

[¶ 8] Challenges to the issuance of a search warrant involving an allegation that the law enforcement officer made false or misleading statements in an affidavit, are governed by the standard set forth in *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

"A false affidavit statement under *Franks* is one that misleads the neutral and detached magistrate into believing the stated facts exist, and those facts in turn affect the magistrate's evaluation of whether or not there is probable cause." *State v. Rangeloff*, 1998 ND 135, ¶ 9, 580 N.W.2d 593. The *Franks* standard also applies to statements that are misleading by omission. *Id.* Whether the defendant makes a substantial preliminary showing that a reckless or intentional falsity has been made is a finding of fact. *State v. Tester*, 1999 ND 60, ¶ 11, 592 N.W.2d 515. "A trial court's findings of fact in preliminary proceedings of a criminal case will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *Rangeloff*, 1998 ND 135, ¶ 10, 580 N.W.2d 593 (citation omitted).

[¶ 9] Duchene did not request a *Franks* hearing. He was, however, provided a hearing on his motion to suppress

evidence. Following the hearing, the court denied his motion to suppress and concluded there was sufficient probable cause to issue a search warrant.

[¶ 10] The State concedes Deputy Siurek failed to reveal that the source of the information at issue was derived from an anonymous informant. Misleading statements made knowingly and intentionally or with reckless disregard are stricken from the affidavit. Once the misleading statement is omitted, we examine the affidavit's remaining contents and determine whether that information is sufficient to establish probable cause. *Rangeloff*, 1998 ND 135, ¶ 9, 580 N.W.2d 593 (citing *State v. Rydberg*, 519 N.W.2d 306, 308–09 (N.D. 1994)).

[¶ 11] The Fourth Amendment to the United States Constitution and Article I, Section 8 of our state constitution require probable cause to issue a search warrant. Whether probable cause exists is a question of law. *Rangeloff*, 1998 ND 135, ¶ 16, 580 N.W.2d 593. We use the *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), totality-of-the-circumstances test to analyze whether information before the magistrate was sufficient to establish probable cause. *Tester*, 1999 ND 60, ¶ 17, 592 N.W.2d 515.

[¶ 12] "The magistrate should make a practical, common sense decision on whether probable cause exists to search that particular place." *State v. Wamre*, 1999 ND 164, ¶ 5, 599 N.W.2d 268. We defer to the magistrate's findings of fact if there is a substantial basis for the probable cause conclusion. *State v. Thieling*, 2000 ND 106, ¶ 8, 611 N.W.2d 861.

[¶ 13] Probable cause to search does not demand the same standard of proof to establish guilt at trial. *Wamre*, 1999 ND 164, ¶ 6, 599 N.W.2d 268. "Probable cause to search exists 'if the facts and circumstances relied on by the magistrate would warrant a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched.'" *Thieling*, 2000 ND 106, ¶ 7, 611 N.W.2d 861 (citation omitted). All the information presented to establish probable cause should be considered together, rather than analyzed in a piecemeal fashion. *State v. Damron*, 1998 ND 71, ¶ 6, 575 N.W.2d 912. "Circumstantial evidence may alone establish probable cause to support a search warrant." *Wamre*, 1999 ND 164, ¶ 6, 599 N.W.2d 268. Information causing mere suspicion and warranting further investigation, however, is not probable cause. *Thieling*, 2000 ND 106, ¶ 8, 611 N.W.2d 861.

[¶ 14] A search of Duchene's garbage revealed two potting soil bags, one marijuana seed, eight marijuana stems, and a utility bill addressed to Duchene at his Turtle Lake address. Duchene contends this evidence does not materially differ from the evidence found in both *State v. Lewis*, 527 N.W.2d 658 (N.D.1995) and *State v. Ennen*, 496 N.W.2d 46 (N.D.1993). In *Lewis*, we held evidence the defendant ordered and received equipment consistent with indoor marijuana growing operations, evidence of increased electrical usage, and evidence the defendant insulated his windows with styrofoam and fiberglas was not sufficient to establish probable cause. 527 N.W.2d at 662. We explained the equipment could be consistent with growing legal plants; the increased electrical usage perhaps indicated the equipment was being used; and the insulation on the windows was consistent with "[w]eatherproofing one's home for winter weather in North Dakota." *Id.* In *Ennen*, the magistrate was provided with information the defendant was a known drug user; his water usage was unusually high for a three-month period; his electrical usage was slightly higher than normal; and his shades were drawn. 496 N.W.2d at 49. We held such evidence did not support a finding of probable cause because the defendant's reputation as a "known drug user" was devoid of any evidentiary support; the increased three-month water usage was consistent with the summer water

usage of most homeowners; the slight increase in electrical consumption was not unusual during the summer months; and shades drawn raised no significant inference. *Id.* at 50.

[¶ 15] The instant case is distinguishable. from both *Lewis* and *Ennen* because much of the evidence found in Duchene's garbage is consistent with criminal activity. Even "seemingly innocent" conduct may give rise to probable cause. *Thieling*, 2000 ND 106, ¶ 9, 611 N.W.2d 861. "In making a determination of probable cause the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts." *Gates*, 462 U.S. at 243–44 n. 13, 103 S.Ct. 2317. Potting soil bags are common household items and are consistent with noncriminal activity. The marijuana seed and marijuana stems found in Duchene's garbage, however, are consistent with criminal activity. *State v. Johnson*, 531 N.W.2d 275, 279 (N.D.1995). These items while arguably insufficient to establish guilt are sufficient to warrant a person of reasonable caution to believe the contraband or evidence sought would probably be found in the place to be searched. *Id.*

[¶ 16] The affidavit to the magistrate also contained information concerning Duchene's prior criminal history. When used in connection with other evidence, a suspect's criminal history can support a determination of probable cause. *State v. Hage*, 1997 ND 175, ¶ 23, 568 N.W.2d 741. Although each piece of information may not be sufficient to establish probable cause, "probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers." *Damron*, 1998 ND 71, ¶ 7, 575 N.W.2d 912 (citations omitted). When considered with Duchene's prior criminal convictions, the potting soil bags, marijuana seed and marijuana stems would warrant a person of reasonable caution to believe that Duchene was growing,

using, or possessing marijuana in his home. Therefore, exclusion of the misleading statement from the affidavit would not affect the magistrate's evaluation of whether there was probable cause.

[¶ 17] We conclude the items found in Duchene's garbage and Duchene's prior drug convictions were sufficient to establish probable cause to issue a search warrant. The search of Duchene's home was, therefore, reasonable under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution. The judgments of the trial court are affirmed.

[¶ 18] VANDE WALLE, C.J., and NEUMANN and KAPSNER, JJ., concur.

[¶ 19] RONALD L. HILDEN, District Judge, sitting in place of SANDSTROM, J., disqualified.

RONALD L. HILDEN, District Court Judge, dissenting.

[¶ 20] The majority opinion concludes there was probable cause in this case—withstanding the omission of material information from an officer's supporting affidavit—to support the issuance of a search warrant of the Appellant's residence. However, I must respectfully dissent from the opinion of the court. The magistrate's finding of probable cause was based solely upon an affidavit omitting the fact the affiant's information originated from an anonymous informant, and coupled with an investigative search of the Appellant's trash which produced tenuous evidence—a single marijuana seed, eight marijuana stems, two bags of potting soil, and a utility bill addressed to the Appellant—I believe the trial court's decision to deny the Appellant's motion to suppress evidence was erroneous as a matter of law.

[¶ 21] The Honorable Judge Gail Hagerty issued a search warrant on June 10th, 1998, for the Appellant's residence after a finding of probable cause the residence may have contained evidence of the use or

manufacture and possession of marijuana, drug paraphernalia and/or other controlled substances. Judge Hagerty determined probable cause existed after reviewing an affidavit executed by Deputy David Siurek of the South Sakakawea Narcotics Task Force. Judge Hagerty's decision was based solely upon the affidavit and without taking any testimony or reviewing any other source of information.

[¶ 22] Deputy Siurek's affidavit indicates he received information from Deputy Brian Lang of the McLean County Sheriff's Department the Appellant was growing marijuana at his residence and was known to be involved in the use of illegal substances. Deputy Lang received this information from Game Warden Timothy Larson. However, the affidavit does not indicate Game Warden Larson acquired his information from an anonymous informant over the telephone. Moreover, the affidavit does not indicate how Deputy Lang learned the Appellant was growing marijuana in his residence.

[¶ 23] Based upon information originating from the anonymous informant and the Appellant's past history of drug-related offenses, Deputy Siurek conducted an investigative search of the Appellant's trash located in the back alley behind the Appellant's residence. Deputy Siurek's affidavit indicates the search of the Appellant's trash was conducted on June 9th, 1998, and resulted in the discovery of the following pieces of evidence: a single marijuana seed, eight (8) marijuana stems, two (2) bags of potting soil, and a utility bill addressed to the Appellant. After examining the affidavit Judge Hagerty issued a search warrant on the same day for the Appellant's residence.

[¶ 24] Law enforcement searched the Appellant's residence on June 11th, 1998, and seized five marijuana plants, various drug paraphernalia, numerous marijuana seeds, and marijuana. The Appellant was subsequently charged with "Possession of Drug Paraphernalia" and "Manufacture/Deliver/Possess With Intent To Man-

ufacture or Deliver a Controlled Substance." The Appellant moved the trial court to suppress the evidence seized from his residence upon the grounds law enforcement did not have probable cause to search his residence. ·The Honorable Judge Bruce B. Haskell denied the Appellant's motion to suppress the evidence seized from the search, holding the totality of the circumstances supported Judge Hagerty's finding of probable cause and issuance of the search warrant.

[¶ 25] It is undisputed in this case Deputy Siurek's affidavit omitted the fact the tip of the Appellant's drug activity originated from an anonymous informant. A trial court may conduct an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to weigh the effect of a factual omission from an affidavit executed in support of a search warrant. *See State v. Rangeloff*, 1998 ND 135, ¶ 9, 580 N.W.2d 593. In the instant case the Appellant never requested a *Franks* hearing and, unfortunately, the trial court never had the opportunity to supplement the affidavit with the omitted information. *See State v. Wamre*, 1999 ND 164, ¶ 24, 599 N.W.2d 268 (stating trial court must consider whether a supplemented affidavit is sufficient to establish probable cause).

[¶ 26] The existence of probable cause is a question of law. *Cf. State v. Damron*, 1998 ND 71, ¶ 5, 575 N.W.2d 912. To determine probable cause, we use the totality of the circumstances test to review whether the information before a magistrate is sufficient to find probable cause, independent of the trial court's findings. *Id.* at ¶ 7. However, it is essential for a court to have all of the material "circumstances" before it when determining if probable cause exists to issue a search warrant. Judge Hagerty was denied this opportunity since her finding was based solely upon an incomplete affidavit. Therefore, this Court must now scrutinize the affidavit for probable cause under the standard of *Illinois v. Gates*.

[¶ 27] "A party challenging the validity of a search warrant on the basis the information was intentionally or recklessly omitted from the affidavit in support of the warrant must demonstrate the information would have been material to the magistrate's finding." *See Damron*, 1998 ND 71, ¶ 13, 575 N.W.2d 912 (citation omitted). The manner in which an affiant acquires his or her information, such as by an anonymous informant, is clearly material to a judicial determination of probable cause.[1] The circumstances of an informant's knowledge of illegal activity allow a magistrate to measure the basis of knowledge and veracity of the information being offered by the affiant. *Cf. State v. Thieling*, 2000 ND 106, ¶ 11, 611 N.W.2d 861 (finding an affidavit did not explain how officer determined defendants were involved with drugs nor indicate corroboration of officer's information). In the instant case the materiality of the informant's anonymous nature to Judge Hagerty's determination of probable cause is beyond doubt, especially in view of *State v. Thompson*, 369 N.W.2d 363 (N.D.1985) and the incorporation of *Aguilar–Spinelli* into the totality of the circumstances test.

[¶ 28] The majority opinion sets aside the "misleading statement from the affidavit" and concludes it would not affect the magistrate's evaluation of whether probable cause existed in this case. *See infra* majority opinion at ¶ 16. However, setting aside the misleading statement from the affidavit is impossible, since Deputy Siurek's affidavit does not contain any misleading statements to set aside. Instead, the affidavit must be supplemented by the information omitted regarding the anonymous informant. Then, this Court must determine if whether under the totality of the circumstances test probable cause existed for Judge Hagerty to issue the search warrant for the Appellant's residence based upon the supplemented affidavit.

[¶ 29] After supplementing Deputy Siurek's affidavit with the omitted fact the information originated from an anonymous informant, I believe the affidavit is factually deficient to support probable cause. A magistrate should view any information obtained from an "untested" anonymous informant with inherent skepticism.

> Information supplied by an anonymous informant cannot alone establish probable cause for a warrant if the tip provides virtually nothing from which one might conclude that the informant is honest or that his information is reliable, or if the information 'gives absolutely no indication of the basis for the [informant's] predictions' regarding a defendant's criminal activities.

*Thompson*, 369 N.W.2d at 367 (citing *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). In the instant case, supplementing Deputy Siurek's affidavit with the fact his information originated from an anonymous informant leaves a factual vacuum regarding the veracity and basis of knowledge of the informant. *Cf. State v. Lewis*, 527 N.W.2d 658, 662 (N.D. 1995) (noting information of drug activity derived from an untested informant was insufficient to support probable cause). Unfortunately, this court cannot fill the factual vacuum based upon the record before it.

[¶ 30] Judge Haskell in his memorandum opinion denying the Appellant's motion to suppress evidence concludes: "Here, there is no argument that the police provided the magistrate with information from which she could determine the informant's reliability." Deputy Siurek's affidavit, however, is completely void of

---

1. "If an informant's tip is the source of information, the affidavit must recite 'some of the underlying circumstances from which the informant concluded' that relevant evidence might be discovered, and 'some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, ... was 'credible' or his information 'reliable.' " *See Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (citation omitted).

any such information. Instead, the affidavit states "[t]hat I received information from Deputy Brian Lang of the McLean County Sheriff's Department the [sic] DANIEL DUCHENE is growing marijuana at his residence, and that he has been known to be involved in the use of illegal controlled substances." This is a conclusory allegation, or "bare bone" conclusion, the Appellant was growing marijuana at his residence. The affidavit simply does not describe any of the circumstances or facts relating to the basis of knowledge or the veracity of the anonymous informant. *Cf. Thompson*, 369 N.W.2d at 368 (finding an allegation of drug sale lacking in evidentiary detail and whether an anonymous informant was privy to personal information).

[¶ 31] This court has held affidavits omitting background facts on how and where law enforcement acquires information of illegal activity sufficient to support probable cause when other evidence, such as testimony, is offered to prove the reliability of the informant. *Cf. State v. Dymowski*, 458 N.W.2d 490, 498 (N.D.1990); *cf. also State v. Dahl*, 440 N.W.2d 716, 719–20 (N.D.1989). However, probable cause cannot rest solely upon a conclusory allegation from an untested, anonymous informant. *Cf. Thompson*, 369 N.W.2d at 369 (noting magistrate not provided enough meaningful information to make informed judgment on anonymous informant's past performance as informant).

[¶ 32] Under the totality of the circumstances test from *Illinois v. Gates*, Deputy Siurek's incomplete affidavit may still support probable cause if the anonymous informant's tip was corroborated by further investigation. *Cf. Woehlhoff v. State*, 487 N.W.2d 16, 18 (N.D.1992) (citation omitted) (noting if an informant does not supply information necessary to evaluate tip, police must corroborate through independent investigation). Deputy Siurek corroborated the information he received from Deputy Lang by conducting an investigative search of the Appellant's trash

located behind his residence. This search resulted in the discovery of the following pieces of evidence: a single marijuana seed, eight marijuana stems, two bags of potting soil, and a utility bill addressed to the Appellant. Deputy's Siurek's executed affidavit described the investigative search and listed the items discovered from the Appellant's trash.

[¶ 33] It is undeniable the discovery of marijuana seeds in a person's garbage taken from an alley behind the person's residence may support a person of reasonable caution to believe marijuana may be present in the residence. *Cf. State v. Johnson*, 531 N.W.2d 275, 279 (N.D.1995) (holding marijuana seeds in defendant's garbage bag supported probable cause); *cf. also State v. Erickson*, 496 N.W.2d 555, 559 (N.D.1993). It is also undeniable that a magistrate must make a practical, common sense decision when evaluating the information submitted in the form of an affidavit or testimony together with all other evidence. *Cf. State v. Ringquist*, 433 N.W.2d 207, 212 (N.D.1988) (noting *Illinois v. Gates* encourages courts to recognize two prongs of *Aguilar Spinelli* as intertwining with other issues).

[¶ 34] This Court must always hesitate from second-guessing the lower courts' evidentiary assessments when determining probable cause. However, reasonableness under the Fourth Amendment of the United States Constitution, and our own State constitution, should never be surrendered to the rather casual notion of "common sense." This case ultimately depends upon the government finding a single marijuana seed and eight marijuana stems after conducting a single search of the Appellant's garbage. The minute quality of a single marijuana seed and eight marijuana stems is not "substantial evidence"—together with the lack of background information concerning the informant—to conclude probable cause existed that the Appellant was growing marijuana in his residence. Moreover, the Appellee has not suggested any exi-

gent circumstances were present to prevent law enforcement from conducting a further investigation of the Appellant's suspected illegal activity.

[¶ 35] Even if a single marijuana seed and eight marijuana stems—along with the utility bill, the two potting soil bags, and the Appellant's drug conviction—supported the finding of probable cause under the totality of the circumstances in this case, the complete absence from Deputy Siurek's affidavit of any fact regarding the anonymous informant is still troubling. Cf. Dymowski, 458 N.W.2d at 495 (citing Dahl, 440 N.W.2d at 718) (noting Aguilar and Spinelli relevant to judicial determination of probable cause).

[¶ 36] As a county court judge for Stark County in 1988, I issued the search warrant in the case the Supreme Court of North Dakota adopted the totality of the circumstances test from Illinois v. Gates as the standard for determining probable cause. See Ringquist, 433 N.W.2d 207. I initially declined to issue the search warrant in that case since law enforcement revealed its suspicion originated from an anonymous informant who declined to reveal his identity and who failed to report the alleged drug activity before. As a result, law enforcement continued their investigation of the defendant and discovered additional corroborating evidence. They interviewed two other confidential informants, who provided detailed information of the defendant's alleged drug activity. See generally id. at 208–09. Based upon the addition of this detailed information, I issued the search warrant under the totality of the circumstances.

[¶ 37] The District Court disagreed with me and granted the defendant's motion to suppress the evidence seized from the defendant's residence on the basis the information furnished to the magistrate

was lacking in veracity under the Aguilar two-pronged test. On appeal the Supreme Court of North Dakota reversed the District Court by adopting Illinois v. Gates as the standard for determining probable cause and incorporating Aguilar–Spinelli within the totality of the circumstances test. The Court concluded probable cause existed to support the issuance of the search warrant in Ringquist since the information supplied by the anonymous informant was "rife with detail" and the unknown informant provided "specific details" of alleged drug transactions at the defendant's residence. See generally 433 N.W.2d at 214–15.

[¶ 38] The District Courts of North Dakota act as constitutional guardians when determining whether a search and seizure conducted by law enforcement was reasonable under the United States Constitution and the North Dakota Constitution. We use the totality of the circumstances test under Illinois v. Gates, including the Aguilar–Spinelli guidelines, to determine probable cause. This is our standard for protecting the right of all citizens to be free from "unreasonable searches and seizures." In the instant case the magistrate and District Court deviated from this standard by resting their findings of probable cause exclusively upon an affidavit not "rife with detail" and that, when supplemented by the omitted information, clearly violates Aguilar–Spinelli.

[¶ 39] Our Court adopted Illinois v. Gates and the totality of the circumstances test to provide a flexible test for determining probable cause without the rigidity of Aguilar–Spinelli. In the present matter I believe the courts were too flexible when examining Deputy Siurek's affidavit and failing to even consider Aguilar–Spinelli.[2]

2. "The test in Aguilar has served many useful purposes aside from insuring that the constitutional rights of citizens be respected. It has given to law enforcement officers, prosecuting attorneys and the courts a straightforward test for resolving disputes over the issuance of a warrant. We do not view Gates as an endorsement of slovenly or careless law enforcement work. Such work will continue to produce problems for the prosecution, the defense and the courts engaged in a case by case analysis rather than a repair to certain

Under the totality of the circumstances test the search warrant in this case was predicated upon an incomplete affidavit, a single marijuana seed, eight marijuana stems, two bags of potting soil, and the Appellant's past drug conviction. After supplementing Deputy Siurek's incomplete affidavit with the critical information regarding the anonymous informant, coupled with the tenuous evidence acquired by Deputy Siurek from the Appellant's trash, I believe this search and seizure was unreasonable and the Appellant's motion to suppress should have been granted by the trial court.

[¶ 40]   Ronald L. Hilden, D.J.

and definite rules.  The Court in *Gates* stated that *Aguilar* has provided guidance in determining the existence of probable cause and it is not anticipated that departure from these guidelines will be looked upon with favor." *See Thompson,* 369 N.W.2d at 370 (as cited in *Ringquist,* 433 N.W.2d at 213) (citation omitted).