2014 ND 86

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Austin JUNTUNEN, Defendant and Appellant.**

**No. 20130324.**

Supreme Court of North Dakota.

April 29, 2014.

Britta K. Demello Rice, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Danny L. Herbel, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Austin Juntunen appeals from an order deferring imposition of sentence entered after he conditionally pled guilty to the charge of ingesting a controlled substance, reserving the right to appeal the denial of his motion to suppress. We remand to the district court for further findings explaining the basis for its denial of Juntunen's motion to suppress.

[¶ 2] Juntunen was charged with ingesting a controlled substance. He moved to suppress evidence obtained as a result of the search of his person and statements he made while he was detained. Juntunen argued his statements should be suppressed because he was in custody when the police officer questioned him about his drug use and he was not advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He also argued a warrantless search of his mouth violated his Fourth Amendment right to be free from unreasonable searches because he did not voluntarily consent to the search. The district court denied Juntunen's motion to suppress, reciting some of the evidence presented during the evidentiary hearing, summarizing the parties' arguments, and stating, "The Court has reviewed the briefs filed and the cases cited by each part [sic]. Based upon the facts of ths [sic] case, the Court denies the Defendant's motion to suppress."

[¶ 3] We affirm a court's decision denying a motion to suppress if, after resolving conflicting evidence in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the court's findings and the decision is not contrary to the manifest weight of the evidence. *State v. Hart*, 2014 ND 4, ¶ 10, 841 N.W.2d 735. We cannot properly review a decision, however, if the district court fails to make adequate findings explaining the basis for its ultimate conclusion. *See State v. Gress*, 2011 ND 193, ¶ 4, 803 N.W.2d 607; *State v. Schmitt*, 2001 ND 57, ¶ 12, 623 N.W.2d 409.

[¶ 4] The district court's findings are not adequate and do not explain the basis for its ultimate conclusion. We retain jurisdiction and remand for the court to make adequate findings and explain the basis for its denial of Juntunen's motion within 30 days. On remand, the court may

hear additional evidence if it chooses to do so.

[¶ 5] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.