Filed 6/18/14 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2014 ND 115

State of North Dakota, Plaintiff and Appellee

v.

Austin Juntunen, Defendant and Appellant

No. 20130324

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Per Curiam.

Britta K. Demello Rice, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for plaintiff and appellee.

Danny L. Herbel, The Regency Business Center, 3333 East Broadway Avenue, Suite 1205, Bismarck, N.D. 58501, for defendant and appellant.

State v. Juntunen

No. 20130324

Per Curiam.

[¶1] Austin Juntunen appealed from an order deferring imposition of sentence entered after the district court denied his motion to suppress evidence and he conditionally pled guilty to the charge of ingesting a controlled substance.  Juntunen argued statements he made to police should be suppressed because he was in custody when the police officer questioned him and he was not advised of his rights under 
Miranda v. Arizona
, 384 U.S. 436 (1966).  He also argued a warrantless search of his mouth violated his Fourth Amendment right to be free from unreasonable searches because he did not voluntarily consent to the search.  In 
State v. Juntunen
, 2014 ND 86, 845 N.W.2d 325, we remanded for the district court to make adequate findings explaining the basis for its denial of Juntunen’s motion to suppress.  On remand, the district court amended its order denying Juntunen’s motion to suppress, finding Juntunen was not subjected to custodial interrogation requiring a recitation of the 
Miranda
 advisory and he voluntarily consented to the search of his mouth.  We conclude Juntunen was not in custody for purposes of 
Miranda
 when he made the statements to police.  
See
 
State v. Genre
, 2006 ND 77, ¶¶ 25-27, 712 N.W.2d 624 (a driver should reasonably expect to answer common sense investigatory questions during a traffic stop).  The evidence supports the court’s finding that Juntunen voluntarily consented to the search of his mouth.  We summarily affirm under N.D.R.App.P. 35.1(a)(3) and (7).

[¶2] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner