2015 ND 29

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jamie Albert APLAND, Defendant and Appellant.**

No. 20140150.

Supreme Court of North Dakota.

Feb. 12, 2015.

Jeremy A. Ensrud, Ward County State's Attorney's Office, Minot, ND, for plaintiff and appellee.

William Kirschner, Fargo, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Jamie Apland appealed from a criminal judgment entered upon a conditional guilty plea to possession of controlled substances and paraphernalia. We conclude the district court properly denied Apland's motion to suppress evidence and we affirm.

I

[¶ 2] Based on information from a confidential informant, the Ward County Narcotics Task Force ("officers") were investigating a suspect involved in selling and distributing methamphetamine. While accompanying the suspect during several drug transactions, the informant observed a Cadillac Escalade and a motorcycle with Colorado license plates at drug purchase and distribution locations. The officers followed the Cadillac to Apland's residence located at 1437 1st St. SE, and found the motorcycle already at that location.

[¶ 3] Relying on this information, as well as having discovered narcotics, paraphernalia, and a stolen weapon during a previous search of another location, officers arranged a "trash pull" at Apland's

residence with Minot City Sanitation. The officers had the trash under surveillance. During the trash search, officers found a white substance which tested positive for methamphetamine in the field and an electronic scale disguised as a computer mouse commonly used in the trafficking of illegal narcotics. They also found mail addressed to Jamie Apland, Charisse Heim, and Charles Rogers III. Using this information, a search warrant was requested and received for Apland's residence at 1437 1st St. SE. The affidavit in support of the search warrant did not indicate where the trash was located on the premises prior to the "trash pull." During execution of the search warrant, narcotics and related paraphernalia were found, and Apland was arrested.

[¶ 4] Apland moved to suppress the evidence arguing the warrant affidavit did not indicate where the trash was found on the property, and the narcotics and paraphernalia found were products of an illegal search. The district court denied Apland's motion to suppress the evidence stating, "the trash pull was arranged with the City of Minot Sanitation. If the officers themselves had gone on to Apland's property to obtain the trash, no such arrangements would need to be made." Apland entered a conditional guilty plea to the charges of possession of controlled substances and related paraphernalia, reserving the right to appeal the order denying the motion to suppress the evidence.

## II

[¶ 5] "We affirm a court's decision denying a motion to suppress if, after resolving conflicting evidence in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the court's findings and the decision is not contrary to the manifest weight of the evidence." *State v. Juntunen,* 2014 ND 86, ¶ 3, 845 N.W.2d 325. "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *State v. Canfield,* 2013 ND 236, ¶ 6, 840 N.W.2d 620.

[¶ 6] "Probable cause is required for a search warrant under the Fourth Amendment to the United States Constitution, and Article I, Section 8 of the North Dakota Constitution." *State v. Damron,* 1998 ND 71, ¶ 5, 575 N.W.2d 912. Determining whether probable cause exists to issue a search warrant is a question of law and, if there is a substantial basis for the magistrate's conclusion that probable cause exists, this Court will not disturb that conclusion on appeal. *State v. Schmitt,* 2001 ND 57, ¶ 18, 623 N.W.2d 409. Probable cause exists if it is established that certain identifiable objects are probably to be found at the present time at an identifiable place. *Damron,* 1998 ND 71, ¶ 6, 575 N.W.2d 912. The magistrate is to make a practical, commonsense decision on whether probable cause exists to search that particular place, and when reviewing a doubtful or marginal case, this Court should resolve in favor of the magistrate's determination. *Id.* at ¶ 6. "We apply the totality-of-the-circumstances test to review whether information before the magistrate was sufficient to find probable cause, independent of the trial court's findings." *Id.* at ¶ 7.

[¶ 7] In this case, probable cause is based on evidence gained during a warrantless search of trash located outside Apland's residence. "If an individual has a reasonable expectation of privacy in an area, the government must obtain a warrant prior to conducting a search unless an exception to the warrant requirement applies." *State v. Mittleider,* 2011 ND 242, ¶ 14, 809 N.W.2d 303. No reasonable expectation of privacy exists for garbage set

out for collection. *State v. Carriere*, 545 N.W.2d 773, 776 (N.D.1996).

[¶ 8] Apland argues the search warrant is invalid as the original affidavit in support of the warrant failed to specify the location of the garbage searched, and the magistrate failed to inquire as to the garbage location. Apland cites a Minnesota case in which a magistrate found probable cause for a search warrant based on the affidavit of law enforcement citing information from a confidential informant as well as evidence obtained during multiple trash searches. *State v. Sand*, 2011 WL 9154, *1 (Minn.Ct.App.2011). The Minnesota Court of Appeals determined the legality of the warrantless trash searches depended on the location of the trash, and, because the affidavit did not include the location of the trash within its four corners, the issuing magistrate had no basis to determine probable cause existed outside of assumptions. *Id.* at *3. In overturning the denial of the motion to suppress the evidence, the court of appeals stated "probable cause must be based on facts and fair inferences from facts and not on speculation." *Id.*

[¶ 9] When determining whether probable cause exists, North Dakota also limits the reviewing court from looking beyond the four corners of the affidavit or application for issuance of the warrant. *State v. Schmalz*, 2008 ND 27, ¶ 13, 744 N.W.2d 734. If sworn testimony is taken that transcribed testimony is also properly considered by the reviewing court. N.D.R.Civ.P. 41. If trash is located within an area creating a reasonable expectation of privacy, the warrantless search of the trash would be an unconstitutional search. Here, the four corners of the affidavit do not indicate the exact location of the trash. However, the location of the trash need not be revealed in the affidavit where, on the face of the affidavit, probable cause exists. A defendant may challenge evidence obtained from an unconstitutional warrantless search used to establish probable cause in the affidavit at an evidentiary hearing.

[¶ 10] Pennsylvania considered an identical challenge to the sufficiency of an affidavit in support of probable cause based on an alleged illegal trash search. *Com. v. James*, 620 Pa. 465, 69 A.3d 180 (2013). The Supreme Court of Pennsylvania held that a specific challenge to a fact in an affidavit requires the State to provide evidence to support the fact in question where the affidavit alone is not enough. *Id.* at 190. "The goal of this inquiry was not to determine probable cause; it was to determine whether a fact in the affidavit would be included or stricken when determining probable cause." *Id.* The court explained, "[t]hus, the court distinguished between review of the magistrate's probable cause determination and review of a challenge to the statements in the affidavit itself." *Id.* at 189. "[W]hen a fact in an affidavit is specifically challenged (as opposed to a generic, global challenge to the affidavit's sufficiency), the Commonwealth must come forward with evidence elucidating the validity of the fact in question." *Id.* at 190. "[C]hallenges of the present nature must be resolved with evidence beyond the affidavit's four corners" when necessary to address the issue of abandonment of the trash. *Id.* The validity of the affidavit can be established through the testimony of law enforcement conducting the trash search, and, if the trash search is found to be lawfully conducted, the information obtained from the trash search can be considered in review of the probable cause determination. *Id.* In its holding, the Supreme Court of Pennsylvania stated:

> We know of no authority requiring a magistrate to anticipate constitutional

challenges to the acquiring of the information in the affidavit—any legal distinction between garbage from the porch versus the sidewalk can be dealt with in a suppression motion, but the magistrate does not err by failing to note an issue or quiz the affiant on the matter. The magistrate is to evaluate probable cause, not anticipate or rule pre-search on any conceivable suppression issue counsel may later assert. Likewise, we find no authority requiring an affiant to anticipate and defend against arguments that the information in the affidavit was unconstitutionally acquired.

*Id.*

[¶ 11] We agree a distinction exists between a general challenge to probable cause existing within the four corners of an affidavit in support of a search warrant and specific factual challenges to evidence allegedly obtained unconstitutionally in support of that affidavit. A factual challenge made against evidence obtained through an alleged unconstitutional warrantless search, which establishes probable cause in an affidavit used to secure a search warrant, may be considered at an evidentiary hearing. A district court may consider information outside the four corners of the affidavit only when a defendant presents specific challenges to the facts in an affidavit. This is consistent in our holding that a misleading omission by an affiant that if included would defeat probable cause may be challenged at a *Franks* hearing. *State v. Ebel*, 2006 ND 212, ¶ 21, 723 N.W.2d 375.

[¶ 12] An evidentiary hearing was held on the motion to suppress. Apland failed to provide this Court with a transcript of that hearing. "A party's failure to provide a transcript of the proceedings in the district court may prevent the party from prevailing on appeal." *State v. Skarsgard*, 2007 ND 160, ¶ 6, 739 N.W.2d

786. "We will not review an issue if the record on appeal does not allow for a meaningful and intelligent review of the district court's alleged error." *Id.* Because we are unable to review the evidentiary hearing's transcript and constitutional challenge to the trash search, we conclude the district court did not err in finding probable cause exists based on coordination between officers and the Minot City Sanitation Department in executing the trash search.

### III

[¶ 13] We affirm the district court's judgment.

[¶ 14] DALE V. SANDSTROM, DANIEL J. CROTHERS, and LISA FAIR McEVERS, JJ., concur.

KAPSNER, Justice, concurring in the result.

[¶ 15] I concur in the result reached by the majority. I do not join in the majority's reliance on the reasoning of the Supreme Court of Pennsylvania in *Commonwealth v. James*, 620 Pa. 465, 69 A.3d 180 (2013) to reach this result.

[¶ 16] As the majority notes in ¶ 7:

In this case, probable cause is based on evidence gained during a warrantless search of trash located outside Apland's residence. "If an individual has a reasonable expectation of privacy in an area, the government must obtain a warrant prior to conducting a search unless an exception to the warrant requirement applies." *State v. Mittleider*, 2011 ND 242, ¶ 14, 809 N.W.2d 303. No reasonable expectation of privacy exists for garbage set out for collection. *State v. Carriere*, 545 N.W.2d 773, 776 (N.D. 1996).

[¶ 17] Under N.D.R.Crim.P. 41(c)(1)(C), the magistrate must be "satis-

fied that grounds for the application exist or that there is probable cause to believe they exist" before the warrant is issued. While I agree the "exact location" of the garbage does not need to be disclosed, there has to be something in the affidavit or sworn testimony to permit the magistrate to reasonably infer that the location is such that the owner has abandoned the expectation of privacy. The affidavit in this case said "Officer Lenertz arranged the trash pull with the Minot City Sanitation." This permits the magistrate to infer that the garbage is in a location where it would ordinarily be retrieved by Minot City Sanitation and that the owner has abandoned any expectation of privacy or control over its disposition.

[¶ 18]   CAROL RONNING KAPSNER