Crothers, Justice.
[¶ 1] Mitchell S. Biwer appeals from a district court judgment denying his motion to suppress evidence. Biwer argues probable cause did not exist for search warrants for a package he shipped or for his residence. We reverse the judgment as to the package, affirm the judgment as to the residence, and remand for further proceedings.
I
[¶ 2] On April 17, 2017 Bismarck Police Detective Jerry Stein received a call from a shipping store employee about a suspicious package Biwer dropped off to be shipped to Denver, Colorado. The employee told Stein "[Biwer] was explaining too much and talking too much about why the package was being sent out. And then when questioned what was in the package, he said it was an owner's manual, and the cost for shipping this owner's manual was $47 for overnight shipping." Upon inspection, Stein observed a cardboard mailer bulging in a way consistent with cash rather than an owner's manual. Biwer has a 2013 conviction for marijuana possession, and the package recipient has a 2010 conviction for marijuana possession with intent to deliver. Stein applied for a warrant, testifying to these facts, his drug interdiction training, and his belief Colorado is a major source for marijuana in North Dakota. The magistrate granted the first search warrant for the package. Inside the package Stein found $4,700.00 in four separate envelopes marked with initials.
[¶ 3] Between observing the package and applying for the search warrant, Stein and another police officer conducted a trash pull in Bismarck at what they believed was Biwer's address. Biwer's residence was in a duplex with an upstairs address of 509 and a downstairs address of 509 1/2. In the same trash bags they discovered court documents and other personal mail connecting Biwer to the 509 1/2 residence along with psilocybin mushrooms, a controlled substance. Based on information from the trash pull Stein sought and obtained a second search warrant for the 509 1/2 residence. While executing the second warrant Stein encountered *840 the new residents of 509 1/2. The new residents told Stein they moved into the 509 1/2 residence a week earlier and Biwer moved upstairs to the 509 residence. Stein observed the 509 1/2 residence had sparse furniture and other signs of a recent move. Stein applied for and received a third search warrant and executed it on the 509 residence, finding drug paraphernalia and controlled substances including meth, marijuana, LSD (acid), and MDMA (ecstasy).
[¶ 4] On August 7, 2017 the district court held a hearing on Biwer's motion to suppress. The motion was denied, and Biwer entered a conditional guilty plea to six felonies and three misdemeanors. Biwer appeals.
II
[¶ 5] Biwer argues probable cause did not exist for the first and third search warrants. He does not contest the validity of the second search warrant. This Court will not reverse a district court's decision on a motion to suppress if sufficient competent evidence supports the district court's findings and the decision is not contrary to the manifest weight of the evidence. State v. Scholes , 2008 ND 146, ¶ 7, 753 N.W.2d 377. "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." State v. Goebel , 2007 ND 4, ¶ 11, 725 N.W.2d 578. "Whether probable cause exists to issue a search warrant is a question of law which is fully reviewable on appeal." Roth v. State , 2007 ND 112, ¶ 18, 735 N.W.2d 882.
"The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. A search warrant may be issued only upon a showing of probable cause. Probable cause to issue a search warrant exists when the facts and circumstances relied upon by the judge who issues the warrant would lead a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched. We review the validity of a search warrant using the totality-of-the-circumstances approach, consider all information for probable cause together and test[ ] affidavits executed in support of a warrant in a commonsense and realistic fashion. We generally defer to a magistrate's determination of probable cause if there was a substantial basis for the conclusion, and [we resolve] doubtful or marginal cases ... in favor of the magistrate's determination."
Scholes , at ¶ 8 (citations and quotation marks omitted).
A
[¶ 6] Biwer argues the State did not present sufficient evidence to constitute probable cause for a search warrant of the package. Merely sending a package or sending cash to Colorado and acting strangely at a shipping store are themselves innocent acts, although they may form part of the totality of the circumstances with other evidence. "Conduct which is 'seemingly innocent' may give rise to probable cause. The 'relevant inquiry is not whether particular conduct is "innocent" or "guilty," but the degree of suspicion that attaches to particular types of noncriminal acts.' " State v. Thieling , 2000 ND 106, ¶ 9, 611 N.W.2d 861 (quoting Illinois v. Gates , 462 U.S. 213, 243-44 n.13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) ) (footnote omitted). In Thieling this Court held plastic baggies without drug residue and located during a trash pull did not constitute probable cause for a search warrant. Id. Biwer's case is analogous.
[¶ 7] Here, Stein testified he began working for law enforcement in 2002 and *841 stated, "I've had multiple courses in interdiction training and identification of narcotics and illegal substances including drug recognition expert, financial crimes, and shipping industry methods of illicit substances." Stein testified the shipping store employee thought Biwer behaved unusually, the package supposedly contained an owner's manual to be sent overnight at a cost of $47.00, the shape of the contents strongly indicated the presence of cash, Colorado is a source state for marijuana, and both Biwer and the recipient have prior drug convictions. Stein's only attempt to connect his training and experience with the factual situation was:
"I believe based on combination of the criminal histories, the package with the dollar amount exceeding the value of the item inside the package that this is a-and we have seen many times in the past-that Mr. Biwer is sending illegal proceeds back to the source state of Colorado for controlled substances in that package...."
[¶ 8] This evidence may raise suspicion of illegal conduct but does not rise to the required probable cause for a search warrant. See Thieling , 2000 ND 106, ¶ 9, 611 N.W.2d 861. "[S]ufficient information, rather than bare bones information[,] must be presented to the magistrate for the determination of probable cause. An affidavit expressed in conclusions without detailing underlying information is insufficient for probable cause." State v. Rangeloff , 1998 ND 135, ¶ 19, 580 N.W.2d 593 (citations and quotation marks omitted). Stein's bare statements of his training and experience without connection to the present facts are precisely the "bare bones information" and "conclusions without detailing underlying information" we have ruled insufficient for probable cause. See Rangeloff , at ¶ 19.
[¶ 9] The evidence here showed Biwer may have been sending cash rather than an owner's manual, but nothing more than a hunch showed he was sending illicit proceeds from the sale of drugs. Cf. State v. Kieper , 2008 ND 65, ¶¶ 10-13, 747 N.W.2d 497 (holding evidence consisting of butter knives with black burn marks, plastic baggies, and white residue, without more, raised suspicion but was insufficient for probable cause to obtain a search warrant). Stale drug convictions do not provide the required causal glue to bind strange acts at a shipping store and a shipping destination in a state with legal recreational marijuana together into probable cause. See State v. Ringquist , 433 N.W.2d 207, 213 (N.D. 1988) ("An application for a warrant that is based upon stale information of previous misconduct is insufficient because it does not establish probable cause that similar or other improper conduct is continuing to occur."). In light of the totality of the circumstances, Stein simply did not provide sufficient competent evidence to support the magistrate's finding of probable cause. See State v. Scholes , 2008 ND 146, ¶¶ 7-8, 753 N.W.2d 377. Therefore, probable cause was lacking and the search of the package was illegal under the federal and state constitutions. The evidence seized under authority of the first search warrant must be suppressed. See Kieper , at ¶¶ 10-13.
B
[¶ 10] Biwer argues the State presented insufficient evidence to establish probable cause for the third search warrant because no nexus existed between the trash pull contraband and the upstairs 509 residence. Biwer contends State v. Mische , 448 N.W.2d 415 (N.D. 1989) controls. We disagree.
[¶ 11] In Mische , police executed a search warrant at the defendant's parents'
*842 home in Bismarck, learned the defendant lived in Lincoln, and then obtained a warrant for the home in Lincoln. Id. at 416. This Court suppressed evidence seized from the Lincoln home because officers "had no actual knowledge of any activity at the trailer home in Lincoln," and the officers had not "verified the information concerning Mische's purchase of a home in Lincoln, whether he was presently living there, etc." Id. at 421.
[¶ 12] Here, Stein testified new residents of the 509 1/2 residence told Stein they recently moved in and Biwer moved upstairs to the 509 residence. Named members of the public are presumed reliable sources of information, especially when their statements are corroborated by independent police investigation. State v. Ronngren , 361 N.W.2d 224, 227-28 (N.D. 1985). Before obtaining the third warrant, Stein corroborated the information about Biwer moving upstairs by observing the basement residence, noticing sparse furniture and other details indicating a recent move. "To establish probable cause, there must be a nexus between the place to be searched and the contraband sought. Circumstantial evidence may be used to establish that nexus." State v. Ebel , 2006 ND 212, ¶ 13, 723 N.W.2d 375 (citations omitted). Biwer's situation differs from Mische because Stein verified Biwer's address before obtaining the third warrant, for which the new residents' statements and corroborating observations created a sufficient nexus. Because Biwer does not challenge probable cause for the second search warrant and a sufficient nexus existed for probable cause to obtain the third search warrant, probable cause supported the third search warrant.
III
[¶ 13] Biwer argues the evidence obtained after the invalid first search warrant constitutes "fruit of the poisonous tree" and must be suppressed. "[E]vidence gained as a result of the initial illegally acquired evidence is considered 'fruit of the poisonous tree,' and must ... be suppressed, unless an exception to the warrant requirement for the search exists." State v. Kitchen , 1997 ND 241, ¶ 9, 572 N.W.2d 106 (citing Wong Sun v. United States , 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) ; State v. Blumler , 458 N.W.2d 300, 302 (N.D. 1990) ). One such exception is the independent-source exception, which "allows admission of evidence that has been discovered by means wholly independent of any constitutional violation." State v. Winkler , 552 N.W.2d 347, 353 (N.D. 1996) (citing Nix v. Williams , 467 U.S. 431, 443, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) ). We apply a two-step analysis to the independent-source exception: "First, the warrant must be supported by probable cause derived from sources independent of the illegal search; and second, the decision to seek the warrant must not be prompted by observations made during the illegal search." State v. Gregg , 2000 ND 154, ¶ 54, 615 N.W.2d 515.
[¶ 14] Here, the unchallenged second search warrant for the 509 1/2 residence was based on the results of a valid trash pull conducted at the property. Stein conducted the trash pull before obtaining the search warrant for the package, and discovered controlled substances in bags together with documents bearing Biwer's name and information. The second search warrant was supported by probable cause independent of the cash in the package, and Stein's decision to seek the second warrant was not prompted by observations made while searching the package. See Gregg , 2000 ND 154, ¶ 54, 615 N.W.2d 515. Because the second and third search warrants were based on probable cause derived *843 from independent sources, we decline to apply the fruit of the poisonous tree doctrine to suppress the evidence.
IV
[¶ 15] Biwer argues Article 1, Section 8 of the North Dakota Constitution affords greater protection than the United States Constitution. "The North Dakota Constitution may afford broader individual rights than those granted under the United States Constitution." State v. Rydberg , 519 N.W.2d 306, 310 (N.D. 1994). However, "the provisions of N.D. Const. art. I, § 8, are 'almost identical' to the Fourth Amendment." State v. Carriere , 545 N.W.2d 773, 776 (N.D. 1996) (quoting Rydberg , 519 N.W.2d 306, 310 (N.D. 1994) ). As in Carriere , Biwer "has not cited a statute, a case, or any constitutional history to support his argument that the North Dakota Constitution supplies any more protection than that afforded by the United States Constitution...." Carriere , at 776. Biwer's argument is without merit.
V
[¶ 16] We reverse the judgment as to Biwer's motion to suppress evidence of the contents of the package seized through execution of the first search warrant. We affirm the judgment as to the motion to suppress evidence related to the third search warrant, on the upstairs residence. We remand to allow Biwer to withdraw his guilty plea and for further proceedings.
[¶ 17] Daniel J. Crothers, Acting C.J.
Carol Ronning Kapsner
Jerod E. Tufte
[¶ 18] The Honorable Mark J. McCarthy, D.J., sitting in place of VandeWalle, C.J., disqualified.
[¶ 19] The Honorable Carol R. Kapsner, S.J., sitting in place of McEvers, J., disqualified.