# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 72

State of North Dakota,                                                    Plaintiff and Appellee

v.

David John Laverdure,                                                  Defendant and Appellant

No. 20180228

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan L. Bailey, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Joshua J. Traiser, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Richard E. Edinger, Fargo, ND, for defendant and appellant; submitted on brief.

**VandeWalle, Chief Justice.**

[¶1]    David John Laverdure appealed from a criminal judgment entered upon a conditional guilty plea to possession with intent to manufacture or deliver a controlled substance in violation of N.D.C.C. § 19-03.1-23(1)(a). We conclude the district court properly denied Laverdure's motion to suppress evidence and we affirm.

I

[¶2]    Relying on information from a concerned citizen and a "source of information" about short term traffic and potential heroin distribution, a Fargo detective took part in a garbage search at Laverdure's residence on July 11, 2017. The searched garbage cans had been placed on the street in front of the residence in a City of Fargo container for the residence's usual garbage pickup day. The garbage contained two sealed grocery bags and a sealed trash bag. A search of the bags revealed a broken glass pipe with methamphetamine residue, a small clear bag containing white powdery residue, and four used hypodermic syringes.

[¶3]    On July 12, 2017, the detective applied for a search warrant for Laverdure's residence. In his application and affidavit in support of the search warrant, the detective described the two tips he received and the results of the garbage search. The affidavit did not state if anyone had observed the garbage container being placed on the street. The affidavit also did not state if the garbage contained mail or other items connecting it to Laverdure or the residence. The magistrate issued the search warrant. While executing the warrant, narcotics and related paraphernalia were found. Laverdure was arrested and charged with possession with intent to manufacture or deliver a controlled substance in violation of N.D.C.C. § 19-03.1-23(1)(a).

[¶4]    Laverdure moved to suppress the evidence alleging a lack of probable cause to issue the search warrant. The district court denied the motion, finding sufficient

1

probable cause existed for the search warrant. Laverdure entered a conditional plea of guilty, reserving the right to appeal the district court's denial of the motion to suppress evidence.

## II

[¶5] "We affirm a court's decision denying a motion to suppress if, after resolving conflicting evidence in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the court's findings and the decision is not contrary to the manifest weight of the evidence." *State v. Apland*, 2015 ND 29, ¶ 5, 858 N.W.2d 915. "Whether probable cause exists to issue a search warrant is a question of law which is fully reviewable on appeal." *State v. Biwer*, 2018 ND 185, ¶ 5, 915 N.W.2d 837.

[¶6] "Probable cause is required for a search warrant under the Fourth Amendment to the United States Constitution, and Article 1, Section 8 of the North Dakota Constitution." *Apland*, 2015 ND 29, ¶ 6, 858 N.W.2d 915 (*quoting State v. Damron*, 1998 ND 71, ¶ 5, 575 N.W.2d 912). Determining if probable cause for a search warrant exists is a question of law and this Court will not disturb a magistrate's conclusion that probable cause exists if there is a substantial basis for that conclusion. *Id*. "Probable cause to issue a search warrant exists when the facts and circumstances relied upon by the judge who issues the warrant would lead a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched." *Biwer*, 2018 ND 185, ¶ 5, 915 N.W.2d 837.

[¶7] "The standard of proof necessary to establish guilt at trial is not necessary to establish probable cause." *State v. Johnson*, 2011 ND 48, ¶ 10, 795 N.W.2d 367. "To establish probable cause, there must be a nexus between the place to be searched and the contraband sought. Circumstantial evidence may be used to establish that nexus." *Biwer*, 2018 ND 185, ¶ 12, 915 N.W.2d 837. "Although each piece of information may not alone be sufficient to establish probable cause and some of the information may have an innocent explanation, probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and

what they observed as trained officers." *State v. Schmalz,* 2008 ND 27, ¶ 11, 744 N.W.2d 734. "We also recognize courts must take into account inferences and deductions that a trained and experienced officer makes." *Id.*

[¶8] The magistrate is to make a practical, commonsense decision if probable cause exists to search a particular place. *Apland*, 2015 ND 29, ¶ 6, 858 N.W.2d 915. "We apply the totality-of-the-circumstances test to review whether information before the magistrate was sufficient to find probable cause, independent of the trial court's findings." *Id*. We will resolve a doubtful or marginal case in favor of the magistrate's determination. *Id*.

## A

[¶9] In this case, probable cause was based on evidence gathered during the garbage search and citizen tips about short term traffic and the distribution of heroin at the residence. "Citizen informants are presumed to be a reliable source of information." *State v. Ebel*, 2006 ND 212, ¶ 15, 723 N.W.2d 375. While insufficient to establish probable cause on its own, the evidence from an anonymous informant adds an additional piece or layer to other evidence supporting the existence of probable cause. *Schmalz*, 2008 ND 27, ¶ 14, 744 N.W.2d 734.

[¶10] "Where drug residue is discovered in the garbage, it is well established that affidavits based almost entirely on the evidence garnered from garbage may be sufficient to support a finding of probable cause." *State v. Jones*, 2002 ND 193, ¶ 17, 653 N.W.2d 668; *see State v. Duchene*, 2001 ND 66, ¶¶ 15-17, 624 N.W.2d 668; *State v. Johnson*, 531 N.W.2d 275, 278 (N.D. 1995); and *State v. Erickson*, 496 N.W.2d 555, 559 (N.D. 1993). In *State v. Herrick*, we considered if probable cause existed where garbage was placed near an alley on the edge of the defendant's property, foot prints were found between the house and the garbage cans, and a search of the trash cans revealed drug contraband. 1997 ND 155, ¶ 2, 567 N.W.2d 336. Based on the contraband found during the garbage search, we determined it was reasonable for the magistrate to conclude contraband would probably be found at the residence. *Id*. at ¶ 15; *see also Johnson*, 531 N.W.2d at 278-79. Here, the search of

the garbage placed on the street outside of Laverdure's residence revealed a broken glass pipe with methamphetamine residue, a small clear bag containing white powdery residue, and four used hypodermic syringes. Combined with the tips received by the detective and the garbage can's location, this contraband was sufficient for the magistrate to find probable cause for a search warrant.

B

[¶11] Relying on *People v. Burmeister*, 728 N.E.2d 1260 (App. Ct. Ill. 2000), Laverdure argues probable cause for the search warrant did not exist because an insufficient nexus existed to connect the drug contraband found in the garbage search to him or his residence. Laverdure alleges *Burmeister* provides the proper result because all garbage search cases decided by this Court have included some type of indicia of residency directly linking the garbage to the defendant. However, our jurisprudence does not require the same result as *Burmeister*. While many of our cases addressing probable cause from garbage searches include indicia of residency, the indicia alone is not the reason this Court determined probable cause existed. *See, e.g.*, *Jones*, 2002 ND 193, ¶ 17, 653 N.W.2d 668; *Duchene*, 2001 ND 66, ¶¶ 15-17, 624 N.W.2d 668; *Johnson*, 531 N.W.2d 275, 278 (N.D. 1995); and *Erickson*, 496 N.W.2d 555, 559 (N.D. 1993). Cases that relied on indicia of residency to find probable cause generally involved situations where garbage was collected from multiple residences in one location or where the facts of the case made the type of residence unclear. *See State v. Kieper*, 2008 ND 65, ¶¶ 2, 11, 747 N.W.2d 497; *see also Schmalz*, 2008 ND 27, ¶ 4, 744 N.W.2d 734; *State v. Lunde*, 2008 ND 142, ¶ 7, 752 N.W.2d 630.

[¶12] In this case, the district court found a nexus between Laverdure's residence and the garbage after determining the residence was a single-family home and the garbage was placed in the street for the residence's regular pickup day. While the affidavit in support of the warrant did not state if Laverdure's residence was a single-family home, it contained no information indicating the residence was a multi-family residence or an apartment. Based on the record, the tips received by the detective, and

4

common-sense inferences available to the magistrate, sufficient evidence existed to establish a nexus between the garbage and Laverdure's residence.

### III

[¶13] Under the totality of the circumstances, sufficient competent information existed in the detective's affidavit for the magistrate to determine probable cause existed for a search warrant of Laverdure's residence. We affirm the judgment.

[¶14]   Gerald W. VandeWalle, C.J.
Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen