# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 105

State of North Dakota,                                      Plaintiff and Appellant

v.

Perry Wayne Odum,                                      Defendant and Appellee

No. 20180384

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

REVERSED.

Opinion of the Court by VandeWalle, Chief Justice.

Casey W. Moen, Assistant State's Attorney, Wahpeton, ND, for plaintiff and appellant.

Mark A. Meyer, Wahpeton, ND, for defendant and appellee.

**VandeWalle, Chief Justice.**

[¶1]    The State appealed from an order suppressing evidence and dismissing all charges against Perry Wayne Odum. We conclude the district court erred in finding probable cause for the search warrant did not exist. We reverse.

I

[¶2]    On May 9, 2018, drug task force officers searched the garbage can in front of Odum's residence based on an anonymous tip that Odum had been out of town and came back "with a quantity of marijuana." The garbage can was "located in a manner where it would be regularly retrieved by the garbage truck" on the residence's regularly scheduled garbage pickup day. During the garbage search, officers found two garbage bags containing zig zag rolling papers, several empty, labeled plastic packages and tubes, and green, leafy flakes. The packages and tubes were commercially labeled as containing either marijuana or THC and indicated that they appeared to have been legally sold in another state.

[¶3]    Based on the anonymous tip and evidence found during the garbage search officers applied for a search warrant for Odum's residence on May 11, 2018. A district judge found there was probable cause and issued a search warrant. On May 17, 2018, while executing the warrant, officers found more than two dozen firearms as well as items related to the sale and distribution of marijuana.

[¶4]    The State charged Odum with possession of a controlled substance with intent to manufacture or deliver and with possession of a firearm by a convicted felon. Odum moved to suppress the evidence gathered during the search of his residence and to dismiss all charges against him, arguing probable cause did not exist to issue the search warrant. A different district judge found probable cause for the search warrant

did not exist and granted Odum's motions to suppress and dismiss. The State filed a notice of appeal and prosecutor's statement under N.D.C.C. § 29-28-07(5).

## II

[¶5] Probable cause is required for a search warrant under the Fourth Amendment to the United States Constitution, and Article 1, Section 8 of the North Dakota Constitution. *State v. Apland*, 2015 ND 29, ¶ 6, 858 N.W.2d 915. "Whether probable cause exists to issue a search warrant is a question of law which is fully reviewable on appeal." *State v. Biwer*, 2018 ND 185, ¶ 5, 915 N.W.2d 837. "Probable cause to issue a search warrant exists when the facts and circumstances relied upon by the judge who issues the warrant would lead a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched." *Id*. "The standard of proof necessary to establish guilt at trial is not necessary to establish probable cause." *State v. Laverdure*, 2019 ND 72, ¶ 7 (quoting *State v. Johnson*, 2011 ND 48, ¶ 10, 795 N.W.2d 367). This Court will not disturb a magistrate's conclusion that probable cause exists if there is a substantial basis for that conclusion. *Apland*, at ¶ 6. Our review of the validity of a search warrant is independent of the trial court's determination. *State v. Schmalz*, 2008 ND 27, ¶ 13, 744 N.W.2d 734.

[¶6] We review the validity of a search warrant using the totality-of-the-circumstances approach, consider all information for probable cause together, and test affidavits executed in support of a warrant in a common sense and realistic fashion. *Biwer*, 2018 ND 185, ¶ 5, 915 N.W.2d 837. "Conduct which is seemingly innocent may give rise to probable cause. The relevant inquiry is not whether particular conduct is innocent or guilty, but the degree of suspicion that attaches to particular types of noncriminal acts." *Id*. at ¶ 6 (internal quotations omitted). "Although each piece of information may not alone be sufficient to establish probable cause and some of the information may have an innocent explanation, probable cause is the sum total of layers of information and the synthesis of what the police have

2

heard, what they know, and what they observed as trained officers." *Schmalz*, 2008 ND 27, ¶ 11, 744 N.W.2d 734. "We also recognize courts must take into account inferences and deductions that a trained and experienced officer makes." *Id*.

[¶7] The magistrate issuing a search warrant is to make a practical, commonsense decision if probable cause exists to search a particular place. *Apland*, 2015 ND 29, ¶ 6, 858 N.W.2d 915. "We apply the totality-of-the-circumstances test to review whether information before the magistrate was sufficient to find probable cause, independent of the trial court's findings." *Id*. This Court will resolve a doubtful or marginal case in favor of the issuing magistrate's determination. *Id*.

A

[¶8] The State argues that under the totality-of-the-circumstances approach, probable cause existed for the search warrant for Odum's home. During the application for a search warrant, an officer testified that he searched Odum's garbage after the drug task force received an anonymous tip. The anonymous tip only stated that Odum had recently returned from out of town "with a quantity of marijuana." While insufficient to establish probable cause on its own, the anonymous tip "adds an additional piece or layer to other evidence supporting the existence of probable cause." *Laverdure*, 2019 ND 72, ¶ 9.

[¶9] Officers obtained additional evidence supporting probable cause during the search of Odum's garbage. In one garbage bag, officers found "three plastic packages with labels indicating the contents of the packages [had] contained THC" and four plastic tubes with "labels indicating the content of the tubes [had contained] THC and marijuana." An officer testified that a second garbage bag "contained a plastic package with a label indicating the contents of the package it contains THC and it also contained green leafy flakes appearing to be marijuana." Also included in the second garbage bag were zig-zag paper packages and a plastic tube "containing a label indicating the contents [had] THC and a pre-rolled marijuana cigarette." The officer stated the labeled packages and tubes "were professional packages that you could buy

3

from a store or on-line from a state where it's legal" and "appeared [to be] from a state where it is legal, like in the State of Washington one indicated."

[¶10] "Where drug residue is discovered in the garbage, it is well established that affidavits based almost entirely on the evidence garnered from garbage may be sufficient to support a finding of probable cause." *Laverdure*, 2019 ND 72, ¶ 10 (*quoting State v. Jones*, 2002 ND 193, ¶ 17, 653 N.W.2d 668). "Probable cause demands not that an officer be sure or certain but only that the facts available to a reasonably cautious man would warrant a belief that certain items may be contraband." *State v. Doohen*, 2006 ND 239, ¶ 12, 724 N.W.2d 158. Here, the search of the garbage placed on the street outside of Odum's home revealed empty packaging and tubes with labels stating they contained THC and marijuana. Inside one package were green, leafy flakes which, based on the officer's training and experience, appeared to be marijuana. Given the available facts, a reasonably cautious person in the officer's position could believe the green, leafy flakes were marijuana. Combined with the anonymous tip and the garbage can's location, the officer's reasonable belief that the garbage contained drug residue was sufficient for the judge that issued the warrant to find probable cause.

[¶11] Odum contends rolling papers, empty plastic packages and tubes, and labels denoting marijuana and THC content are legal to own and do not rise to the level of probable cause. "The relevant inquiry is not whether particular conduct is innocent or guilty, but the degree of suspicion that attaches to particular types of noncriminal acts." *State v. Thieling*, 2000 ND 106, ¶ 9, 611 N.W.2d 861. Rolling papers are not illegal, but are commonly known to be used to roll marijuana cigarettes. Drug paraphernalia, including packaging and objects used to ingest, inhale, or otherwise introduce marijuana into the body, are illegal. *See* N.D.C.C. § 19-03.4-01(9), (10). The packaging found in the garbage was labeled as containing THC or marijuana, including marijuana cigarettes. While the items may have an innocent explanation, and contained a legal substance when purchased in another state, the judge that issued the warrant relied on "common knowledge" and common sense in finding probable

cause that contraband would be found in the house based on the evidence from the garbage search.

[¶12] This case is distinguishable from *State v. Kieper*, where this Court found common household items were not enough to support a finding of probable cause. 2008 ND 65, 747 N.W.2d 497. In *Kieper*, the application for a search warrant was based on common household items that were possibly being used for an illegal purpose. *Id.* at ¶ 10. Unlike the butter knives and ripped plastic baggies in *Kieper*, packaging labeled as containing THC and marijuana are not common household items because the packaging's purpose is to contain a substance that is illegal in North Dakota. Evidence that is insufficient to establish guilt, can still be "sufficient to warrant a person of reasonable caution to believe the contraband or evidence sought would probably be found in the place to be searched." *State v. Duchene*, 2001 ND 66, ¶ 15, 624 N.W.2d 668. The presence of the labeled packages and tubes in the garbage added a layer to the totality of the circumstances for the court to consider in determining if probable cause existed.

[¶13] Odum also argues there is a strong inference that the marijuana contained in the labeled packaging was used in a state where it was legal to do so.[1] The presence of the packaging in a garbage can in North Dakota supports an equally strong inference that the marijuana was possessed or used in North Dakota, where it is illegal. *See* N.D.C.C. § 19-03.1-05; *see also* N.D.C.C. § 19-03.4-01(9). Additionally, the out-of-state labels on the packaging corroborated the anonymous tip that Odum had been out of town and returned "with a quantity of marijuana." The green, leafy flakes in the garbage, which the officer stated "appeared to be marijuana" added another layer to the totality of the circumstances. Probable cause only requires "a

---

[1]At the time of the garbage search in May 2018, North Dakota did not allow recreational marijuana and had no operational medical marijuana dispensaries. N.D.C.C. ch. 19-24.1 (establishing medical marijuana in North Dakota); https://www.ndhealth.gov/mm/PDF/Status_Update/Status_Update_3.14.19.pdf. *See State v. Kuruc*, 2014 ND 95, ¶¶ 25-37, 846 N.W.2d 314 (out-of-state medical marijuana prescriptions may not be used as an absolute defense to possession of marijuana).

person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched." *Biwer*, 2018 ND 185, ¶ 5, 915 N.W.2d 837. When viewing the evidence under the totality of the circumstances, the judge that issued the warrant was reasonable in finding probable cause existed.

B

[¶14] In its order granting Odum's motions to suppress and dismiss, the district court found that no nexus existed between the evidence found in the garbage and Odum or his residence. The court based this finding on the officers not discovering indicia of residency in the garbage bags containing evidence. Probable cause requires "a nexus between the place to be searched and the contraband sought." *Biwer*, 2018 ND 185, ¶ 12, 915 N.W.2d 837. Circumstantial evidence may be used to establish that nexus. *Id*.

[¶15] Odum argues this Court has always required indicia of residency to establish a nexus, even in cases of single-family residences. To support his argument, Odum relies on *Schmalz,* where this Court upheld a magistrate's probable cause determination based on a garbage search revealing contraband and indicia of residency. 2008 ND 27, ¶ 4, 744 N.W.2d 734. Odum's reliance on *Schmalz* is misplaced. In *Schmalz,* the searched garbage cans were located outside of the defendant's residence in a trailer park. *Id*. However, it was unclear if the garbage can's location was typically used as a disposal point for the entire trailer park or just for the defendant's residence. *Id*. at ¶ 15. Further, no testimony established how many trash cans were on the sidewalk for disposal or whether the indicia of residency was found in the same garbage bag as the other contraband. *Id*. This Court described the facts surrounding the garbage search as "thin" and stated the nexus was "questionable," ultimately upholding the finding of probable cause under the rule that we affirm "marginal" or "doubtful" cases in favor of the magistrate. *Id*. at ¶¶ 16-17.

[¶16] This Court recently addressed a more analogous fact pattern and upheld a nexus without indicia of residency in the garbage. *See Laverdure*, 2019 ND 72. In *Laverdure*, police searched the garbage can placed on the street outside of the

6

defendant's residence and found a broken glass pipe with methamphetamine residue, a small clear bag containing white powdery residue, and four used hypodermic syringes. *Id*. at ¶ 10. This Court held that, combined with anonymous tips and the garbage can's location, drug residue in the garbage was sufficient for the magistrate to find probable cause. *Id*.

[¶17]  Here, officers received an anonymous tip stating that Odum recently returned from out of town "with a quantity of marijuana." Officers obtained Odum's address from his drivers license and conducted a garbage search. The garbage can searched by the officers "was located in a manner where it would be regularly retrieved by the garbage truck" on a regularly scheduled garbage pickup day. During the application for a search warrant, the court asked how the officers verified the residence belonged to Odum. The officer stated he had "obtained information from Mr. Odum's drivers license that he does reside at [the residence]" and the residence's mailbox "indicated" Odum's last name. This information, along with the garbage can's location, established the required nexus between the contents of the garbage and the residence.

III

[¶18]  Under the totality of the circumstances, sufficient probable cause existed to support a search warrant for Odum's residence. Because sufficient probable cause to support the search warrant existed, the district court erred in granting Odum's motions to suppress evidence and dismiss all charges. We reverse the order suppressing evidence and dismissing all charges.

[¶19]  Gerald W. VandeWalle, C.J.
        Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte

7