# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 28

State of North Dakota,                                      Plaintiff and Appellee

v.

Trevon Royel Thompson,                            Defendant and Appellant

## No. 20220221

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Beau M. Cummings, Ramsey County State's Attorney, Devils Lake, ND, for plaintiff and appellee; submitted on brief.

Daniel J. Howell, Devils Lake, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Trevon Thompson appeals from a criminal judgment and order denying a motion to suppress. Thompson argues insufficient probable cause existed to issue three search warrants. He also argues insufficient additional probable cause existed to permit the nighttime execution of warrants I and II. Based on his argument that warrants I and II were not supported by probable cause, Thompson argues the evidence obtained from those searches was fruit of the poisonous tree. We affirm the judgment.

I

[¶2]   On November 27, 2021, the Devils Lake Police Department received a call about possible drug activity at a Devils Lake motel. The Department provided the information to the Lake Region Narcotics Task Force. Task force officers Stell Fallon and Richard Juarez began surveillance of the motel.

[¶3]   As is more fully described below, on November 28, 2021, at 1:00 a.m. warrant I was granted to search Thompson's person after Officer Juarez gave an audio affidavit to Judge Donovan Foughty. On November 28, 2021, at 2:20 a.m. warrant II was granted to search room 257 of the motel after Officer Juarez gave another audio affidavit to Judge Foughty. On November 28, 2021, at 8:30 a.m. warrant III was granted to search room 122 of the motel after Officer Fallon gave a written affidavit to Judge Foughty. In room 122, the officers found $7,360 and two large baggies of what appeared to be oxycodone.

[¶4]   On December 2, 2021, the State charged Thompson with possession of a controlled substance with intent to deliver and refusing to halt. On April 18, 2022, Thompson moved to suppress the evidence obtained during execution of the three warrants. On June 21, 2022, the district court denied Thompson's motion to suppress. Thompson entered a conditional plea of guilty, reserving his right to appeal the district court's denial of his motion to suppress. Thompson timely appealed.

## II

[¶5]   Thompson argues warrants I, II, and III were issued without probable cause.

[¶6]   "The Fourth Amendment to the United States Constitution and Article I, Section 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures." *State v. Zeller,* 2014 ND 65, ¶ 9, 845 N.W.2d 6. "If an individual has a reasonable expectation of privacy, the government must acquire a search warrant unless the search fits within a recognized exception to the warrant requirement." *Id.* "Probable cause is required for a search warrant under the Fourth Amendment to the United States Constitution, and Article I, Section 8 of the North Dakota Constitution." *Zeller,* at ¶ 9.

[¶7]   "Probable cause exists when the facts and circumstances relied upon by the judge who issues the warrant would lead a person of reasonable caution to believe the contraband or evidence sought probably will be found in the place to be searched." *State v. Leavitt,* 2015 ND 146, ¶ 6, 864 N.W.2d 472. "This Court employs the totality-of-the-circumstances test to review whether information before the magistrate was sufficient to find probable cause, independent of the trial court's findings." *Zeller,* 2014 ND 65, ¶ 9. "Although each piece of information may not alone be sufficient to establish probable cause and some of the information may have an innocent explanation, probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers." *Id.*

[¶8]   Whether probable cause exists to issue a search warrant is a question of law fully reviewable on appeal. *Zeller*, 2014 ND 65, ¶ 7. This Court defers to the issuing judge's determination of probable cause if a substantial basis supports the conclusion. *Id.* Doubtful or marginal cases are resolved in favor of the judge's determination. *Id.*

## A

[¶9]   Warrant I, authorizing a search of Thompson's person, was granted on November 28, 2021, at 1:00 a.m. This warrant was granted after Officer Juarez provided the district court judge with sworn recorded testimony. Officer Juarez testified he and Officer Fallon saw multiple cars come into the motel parking lot. Based on license plates, some of the cars were owned by known drug users and sellers. From the parking lot the officers observed a person they thought was Thompson looking out from a motel window with what they perceived as a sense of paranoia. Thompson left the motel and got into a car with a woman who had a record for selling and using drugs. The officers followed the car to an apartment complex. At the apartment complex another car pulled up to Thompson's car, and there appeared to be a drug exchange. Thompson's car then sped back to the motel. Later, Thompson's car left the motel parking lot again. The driver of the car was an individual who the officers know has been involved in trafficking narcotics. After Officers Juarez and Fallon observed a traffic violation, they contacted a Ramsey County Deputy to conduct a traffic stop. During the traffic stop a dog trained to alert on the presence of oxycodone signaled the officers to Thompson's side of the car. During a pat down of Thompson, the officers found a large amount of cash and what they believed to be small bags of oxycodone. Thompson was detained until officers could get a search warrant.

[¶10] The facts show Thompson was acting suspiciously, he got into a car with an individual with a history of being involved with narcotics, he drove to what appeared to be a drug sale, and he had on his person a large amount of cash and what seemed to be drug contraband. Based on these facts, a reasonably cautious person could believe drug contraband or evidence of criminal conduct would be found on Thompson, and sufficient probable cause existed to issue warrant I.

## B

[¶11] Warrant II, to search room 257 at the motel, was granted on November 28, 2021, at 2:20 a.m. This warrant was granted based on Officer Juarez's recorded sworn testimony. Judge Foughty took judicial notice of

warrant I and the testimony provided to issue that warrant. In support of warrant II, Officer Juarez testified while he and Officer Fallon were watching the motel parking lot, Thompson entered a car and was observed taking items from a female's bra and putting those items in her pants. Nothing was discovered on the female when she was later searched. When Thompson was fully searched during the execution of warrant I, the officers found two cell phones. Thompson stated one phone was his and the other he found. Thompson gave consent to search the phone he found. That phone had recent text messages about narcotic sales. Around this same time, Benson County Sheriff's Department conducted a canine open-air sniff of the motel hallways, and the canine indicated room 257 had narcotics. Officers Juarez and Fallon thought this was Thompson's room based on their observations earlier in the evening.

[¶12] The facts show Thompson was in a car with a known drug dealer, Thompson had a large amount of cash on him, he had a cell phone that contained text messages about drug deals, and a trained canine indicated narcotics in the same room surveillance officers thought they witnessed Thompson earlier in the evening. Based on these facts, a reasonably cautious person could believe drugs or evidence of illegal activity would be found in room 257. Therefore, sufficient probable cause supported issuance of warrant II.

C

[¶13] Warrant III, to search room 122 at the motel, was issued on November 28, 2021, at 8:30 a.m. after a written affidavit of probable cause was submitted by Officer Fallon. Officer Fallon's affidavit incorporated the facts used to obtain warrants I and II. He testified the officers received confirmation from motel management that Thompson was staying in room 122. Based on his observations of Thompson throughout the night, Officer Fallon believed there was sufficient probable cause that controlled substance violations occurred on November 27-28, 2021.

[¶14] Based on the facts provided to the issuing judge in support of the three warrants, a reasonably cautious person could believe drugs or evidence of

4

illegal activity would be found in room 122 of the motel. Therefore, sufficient probable cause existed to issue warrant III.

### III

[¶15] Thompson argues warrants I and II were not supported by the additional probable cause necessary to permit nighttime execution.

[¶16] Rule 41(c)(1)(E), N.D.R.Crim.P. provides: "[A] warrant must be served in the daytime unless the issuing authority, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at times other than daytime." "'[F]or reasonable cause shown,' is intended to explain the necessity for executing the warrant at a time other than the daytime. This provision is intended to be a substantive prerequisite to the issuance of a warrant that is to be executed at a time other than daytime[.]" N.D.R.Crim.P. 41, Explanatory Note. "Reasonable cause and probable cause are synonymous." *Zeller*, 2014 ND 65, ¶ 10.

[¶17] "Probable cause for a nighttime search exists upon showing that the evidence sought may be quickly and easily disposed of if the warrant is not promptly executed." *Zeller*, 2014 ND 65, ¶ 11. "An officer must set forth some facts for believing the evidence will be destroyed other than its mere existence. Mere allegations about the presence of drugs do not lead to the inference that the drugs are easily disposable." *Id.* Nighttime searches have been upheld when the issuing judicial officer receives particularized evidence of drug trafficking, drug sales, or drug manufacture occurring late at night or early morning. *Id.* Nighttime searches also have been upheld when there is a "reasonable possibility that the fruits, instrumentalities or evidence of crime sought would not be expected to be at the searched premises during the day or might be removed or dissipated if the search is delayed." *Id.*

[¶18] Thompson claims nighttime execution of warrant I was unlawful due to a lack of additional probable cause. While warrant I was being requested, Thompson was in police custody due to a large amount of cash and what seemed to be small bags of oxycodone found on him after a legal pat down. If the search warrant was not executed at this time, Thompson would have been

released and easily could have fled the area. Any drugs on Thompson's person likely would have been disposed of or sold. Therefore, because it is probable the drugs would have been disposed of or additional evidence would have been lost before a daytime search could have been performed, additional probable cause existed to execute search warrant I at night.

[¶19] Thompson claims nighttime execution of warrant II was unlawful due to a lack of additional probable cause. The facts here show the issuing judge was provided with particularized evidence of drug trafficking, which this Court has held is enough for a nighttime search warrant. *Zeller*, 2014 ND 65, ¶ 11. The facts also show room 257 was thought to be Thompson's room and likely had drugs inside, and if a nighttime search warrant would not have been granted it is probable the contraband would have been disposed of or sold. These facts provided sufficient additional probable cause to execute warrant II at night.

IV

[¶20] Thompson argues warrants I and II were not based on probable cause and, therefore, the evidence obtained from those searches was fruit of the poisonous tree. He argues the poisoned evidence obtained from warrants I and II was used to obtain warrant III, and the evidence gained from warrant III should be suppressed.

[¶21] Evidence obtained from an invalid search warrant, like one issued without sufficient probable cause, must be suppressed unless an exception exists. *State v. Biwer,* 2018 ND 185, ¶ 13, 915 N.W.2d 837. One exception is an independent-source exception. *Id*.

[¶22] The issuing judge here found both warrants I and II were issued based on sufficient probable cause and we agree.

[¶23] Warrant III was issued based on information observed by the officers during the lawful surveillance of Thompson and the motel before any of the warrants were executed. In fact, it is unclear whether any evidence was seized during execution of those warrants. Further, warrant III was issued based on information from motel management as an independent source and unrelated

to any evidence obtained during execution of warrants I and II. Therefore, evidence obtained from warrant III is not fruit of the poisonous tree and does not need to be suppressed.

## V

[¶24] The district court did not err in finding sufficient probable cause supported issuance of warrants I, II, and III. Sufficient additional probable cause existed to execute warrants I and II at night. The information used to obtain warrant III was not poisoned by prior illegal searches. Therefore, the evidence seized during execution of warrant III was not obtained unlawfully. We affirm the criminal judgment and the order denying suppression of evidence.

[¶25] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr